Joel D. YATES, II, and Jeffrey Goetzing-
er, for and on behalf of themselves
and other employees similarly situat-
ed, Plaintiffs,

v.

WAL–MART STORES, INC., a Delaware
corporation, and Benny Jones and Ka-
thy Seiler, individually and as repre-
sentatives of all other District and
Regional Managers similarly situated,
Defendants.

No. CIV.A. 97–Z–257.

United States District Court,
D. Colorado.

Aug. 2, 1999.

Gerald L. Bader, Jr., Jeffrey M. Villa-
nueva, Renee B. Taylor, Bader & Associ-
ates PC, Franklin D. Azar, Robert E.
Markel, Jon Neil Barclay, Franklin D.
Azar & Associates, Denver, CO, for Plain-
tiffs.

Bruce Anderson, Stettner Miller and
Cohn PC, Denver, CO, Alan Magenheim,
Magenheim Bateman Robinson Wroten-
bery & Helfand LLP, Houston, TX, for
Defendants.

## MEMORANDUM OPINION AND ORDER

WEINSHIENK, Senior District Judge.

In this Fair Labor Standards Act
(FLSA) case, 29 U.S.C. § 201 et seq.,
plaintiffs' allege that defendants have
failed to pay time and one half for hours
worked in excess of 40 hours per week.
The matters now before the Court are
Defendants' Motion To Dismiss, Plaintiffs'
Motion For Approval Of Collective Action,
Defendants' Request To Abate, and Defen-
dants' Motion For Summary Judgment
Based on Statute Of Limitations. On De-
cember 1, 1998, Magistrate Judge Bruce
D. Pringle, pursuant to an Order Of Refer-
ence issued on April 11, 1997, recom-
mended that: 1. Defendants' Motion To
Dismiss be denied; 2. Plaintiffs' Motion
For Approval Of Collective Action be
granted; 3. Defendants' Motion For Sum-
mary Judgment Based On Statute Of Lim-
itations be granted in part; 4. Plaintiff
David Saunders' claims be dismissed with-
out prejudice; and 5. Defendants' Request
To Abate be denied as moot. Recommen-
dation at 14. On December 11, 1998, de-
fendants filed timely objections.

Pursuant to 28 U.S.C. § 636(b), the
Court has reviewed *de novo* the Magis-

trate Judge's Recommendation, defendants' objections, and the applicable case law. This Court finds the Magistrate Judge's Recommendation to be thorough, thoughtful and accurate on the law. Therefore, as explained in more detail below, this Court accepts and adopts the Magistrate Judge's findings and Recommendation.

■ The key issue before the Court, and the only part of the Recommendation that the defendants have objected to, is whether multiple collective actions may be maintained under 29 U.S.C. § 216(b), and if so, whether this Court should allow a second collective action to proceed. The individual facts of this case appear to be without contention. Plaintiffs are attempting to maintain a collective action under 29 U.S.C. § 216(b) despite the fact that a separate collective action with identical issues is already before this Court. *See In re Wal–Mart Stores*, 58 F.Supp.2d 1219 (D.Colo.1999). Moreover, each of the plaintiffs was given the opportunity to opt-in to *Wal–Mart* by the Court imposed December 2, 1996, cut off date and chose not to do so.

In his Recommendation, the Magistrate Judge examined the statute and plaintiffs' situation and found that section 216 allows for the maintaining of a second collective action. More specifically, the Magistrate Judge determined that it is in the interest of judicial efficiency for the Court to allow the second action. In contrast, defendants argue that section 216 incorporates Fed. R.Civ.P. 23(b)(3)(B) and (C), which indicate that a Court should decline to grant class certification when another court has certified a class encompassing the same individuals. Defendants assert that even if allowed, the Court should exercise its managerial authority and decline plaintiffs' request due to the cost it would impose on defendants by making them defend two separate actions.

This Court agrees with the Magistrate Judge's Recommendation and declines to adopt defendants' theory as to the application of Rule 23 to section 216 collective actions. Instead, the Court will follow the more flexible approach of examining the language and intended purpose of the statute itself in determining whether to allow a second collective action. *See Bayles v. American Med. Response of Colorado*, 950 F.Supp. 1053, 1063 & 1066. (D.Colo.1996). After examining the statute, there is no indication that a second collective action was intended to be barred. Unlike Rule 23, the opt-in provision of section 213 provides for no legal effect on those parties who choose not to participate. As the Magistrate Judge correctly noted, "there is nothing in the language of the FLSA which would suggest a Congressional intent to absolutely preclude FLSA claims by those who receive notice of a collective action, but fail timely to opt in." Recommendation at 7. As each plaintiff could, therefore, file his or her own suit, judicial efficiency demands that, if possible, these individual suits be consolidated. The opposite conclusion could lead to a party having to defend itself in not two, but potentially hundreds of identical lawsuits. Moreover, the Court does not believe that this decision will promote multiple collective actions. The disadvantages inherent in being a party to a "tag-along" litigation are sufficient to discourage parties from regularly engaging in this type of activity.

■ Having determined that the Magistrate Judge's decision regarding defendants' motion to dismiss is accurate, the Court also agrees that plaintiffs' motion for approval of collective action should be granted. Under the Supreme Court's decision in *Hoffmann–La Roche, Inc. v. Sperling*, 493 U.S. 165, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989), this Court has the authority to manage the process of joining multiple parties, including the authority to consider a motion for collective action certification. It is apparent that the plaintiffs are similarly situated so as to meet the requirements of Section 216. As a result, the threshold standard for certification of the collective action has been met. Also, the Court agrees that under the holding of

*Bayles,* 950 F.Supp. at 1066, this certification may be revisited once discovery has been completed and the case is ready for trial.

Finally, as plaintiff has posed no objection to the Magistrate Judge's determination regarding Defendants' Motion For Summary Judgment Based On The Statute Of Limitations, and the Court finds that the reasoning is correct, the Court also adopts this part of the Magistrate Judge's decision. Accordingly, it is

ORDERED that Defendants' Objections To Magistrate Pringle's Findings And Recommendations are overruled. It is

FURTHER ORDERED that Recommendation Of United States Magistrate Judge Bruce D. Pringle, is hereby accepted and adopted by the Court. It is

FURTHER ORDERED that Defendants' Motion To Dismiss is denied. It is

FURTHER ORDERED that Plaintiffs' Motion For Approval Of Collective Action is granted. It is

FURTHER ORDERED that Defendants' Motion For Summary Judgment Based On The Statute Of Limitations is granted in part and that judgment be entered in favor of defendants and against Plaintiffs Barrow, Bartek, Bearden, Benson, Blaze, Blossom, Burdick, Cattoi, Christensen, Clore, Fragoules, Gallioto, Gambrall, Gatlyn, Harshaman, Hersh, Hohenberger, Jeppeson, Kuklin, Lamb, Maslowsky, Mathieu, Morris, McConnell, Mote, Newcomer, Powell, Priest, Rains, Rausher, Rhodes, Ross, Russell, Shah, Skaggs, Summers, Thomas, Wasilak, Williams and Wright, and their claims are dismissed with prejudice. It is

FURTHER ORDERED that plaintiff David Saunders' claims are dismissed without prejudice. It is

FURTHER ORDERED that Defendants' Request To Abate is denied as moot.