7 P.3d 807 (2000)
141 Wash.2d 517
Patrick S. INNISS, Sam R. Lopez, and Adnan I. Haq, Petitioners,
v.
TANDY CORPORATION, d/b/a Radio Shack, Respondent.
No. 68225-9.
Supreme Court of Washington, En Banc.
Argued May 9, 2000.
Decided August 31, 2000.
*808 Legros, Buchanan & Paul, Dennis Michael Moran, Kelly Marie Garrity, Seattle, for Petitioners.
Miller, Nash, Wiener, Hager & Carlsen, James Ralph Dickens, Susan Kathleen Stahlfeld, Seattle, for Respondent.
SMITH, J.
Petitioners Patrick S. Inniss, Sam R. Lopez and Adnan I. Haq seek review of a decision of the Court of Appeals, Division I, which affirmed an order of summary judgment by the King County Superior Court in favor of their employer, Respondent Tandy Corporation, in their action challenging calculation of their overtime compensation. The Court of Appeals concluded in an unpublished opinion the employment practice of a "fluctuating workweek" did not violate the Washington Minimum Wage Act, chapter 49.46 RCW, when calculating overtime compensation at "one and one-half times the regular rate" under RCW 49.46.130(1).[1] We granted review. We affirm.

QUESTION PRESENTED
The question presented in this case is whether the employment practice of utilizing a "fluctuating workweek" violates the Washington Minimum Wage Act when calculating overtime compensation at "one and one-half times the regular rate" under RCW 49.46.130(1).

STATEMENT OF FACTS
The material facts are not in dispute.[2] Respondent Tandy Corporation is a Delaware corporation doing business in Washington as Radio Shack.[3] Petitioners Patrick S. Inniss, Sam R. Lopez and Adnan I. Haq were "V" store managers at various Radio Shack *809 stores in King County from 1993 to 1996.[4] Each worked at least forty hours a week, the exact number of hours fluctuating from week to week.[5] Overtime hours were paid in accordance with the "Radio Shack Retail Store Manager Compensation Plan for `V' Stores," portions of which provide:
B. Employment Relationship. This compensation plan is not an employment contract but only a method of calculating the manager's total earnings and it is understood that the employment relationship with Radio Shack is an at will relationship.
C. Base Pay. The "V" Store Manager will be paid a base salary as straight time pay for all hours worked each workweek. The base salary shall be determined by the number of complete years of continuous service worked as a Radio Shack Retail Store Manager and shall be structured as shown in the chart below. The base salary will be paid on a weekly or bi-weekly basis as determined by state law.
Overtime will be paid at one-half the calculated regular rate (obtained by dividing the number of hours worked in the workweek into the weekly base salary amount) for all hours worked over forty (40) in any workweek.

 Examples of
 annual pay
 for 54 hour
Tenure Salary Weekly workweek
Less than 1 year $15,938 $306.50 $18,000
------------------ ------- ------- -----------
1 to 2 years $16,819 $323.45 $19,000
2 to 3 years $17,706 $340.50 $20,000
3 to 4 years $18,590 $357.50 $21,000
More than 4 years $19,479 $374.60 $22,000

Adjustments to the base pay for tenure shall be effective at the beginning of the first pay period beginning after the completion of each full year of continuous service as a retail store manager.
....
L. Work Week. [sic] The manager will typically be scheduled to work 6 days per week.[[6]]
In 1993, the minimum hourly wage in the State of Washington for an employee "who [had] reached the age of eighteen years" was $3.85 per hour.[7] Effective from January 1, 1994 to December 31, 1998, the minimum hourly wage was increased to $4.90 per hour.[8] Petitioners "concede that if all of [Petitioners'] commissions, [special incentive bonuses] and bonuses (including annual bonuses) are included in determining [Petitioners'] regular rate of pay, [Petitioners] received at least [the statutory minimum hourly wage]."[9]
On October 9, 1996, Petitioners filed a complaint against Respondent in the King County Superior Court claiming they were not compensated "at a rate of one and one-half times their regular rate of pay for [their] overtime work"[10] as required by the Washington Minimum Wage Act.[11] On April 17, 1997, they filed a motion for partial summary judgment on the validity of Respondent's compensation plan for overtime hours under a "fluctuating workweek."[12] Respondent filed a cross-motion for summary judgment on May 2, 1997.[13] The Honorable Michael J. Trickey on June 30, 1997 signed an order granting Respondent's motion for summary judgment and denying Petitioners' *810 motion.[14] The trial court concluded, as a matter of law, that Respondent's method of calculating overtime compensation under a "fluctuating workweek" did not violate the Washington Minimum Wage Act.[15]
On July 23, 1997, Petitioners filed a notice of appeal to the Court of Appeals, Division I.[16] The Court of Appeals, the Honorable Ronald E. Cox writing, affirmed the order granting summary judgment.[17] It concluded in an unpublished opinion that Respondent's compensation of its managers under the fluctuating workweek method did not violate the Washington Minimum Wage Act because Petitioners' wages never fell below the statutory minimum.[18]
Petitioners Inniss, Lopez and Haq petitioned this Court for review of the decision of the Court of Appeals. Review was granted on January 7, 2000.[19]

DISCUSSION

STANDARD OF REVIEW
This Court reviews an order of summary judgment de novo.[20] It engages in the same inquiry as the trial court, treating all facts and reasonable inferences from the facts in a light most favorable to the nonmoving party.[21] Where, as here, the parties do not dispute the material facts, this Court will affirm an order on summary judgment if the successful moving party is entitled to judgment as a matter of law.[22]
Interpretation of a statute is a question of law.[23] At issue in this case is the interpretation of RCW 49.46.130(1), which reads:
Minimum rate of compensation for employment in excess of forty hour work week [sic]Exceptions. (1) Except as otherwise provided in this section, no employer shall employ any of his employees for a work week [sic] longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

(Emphasis added.)
The Washington Minimum Wage Act[24] does not define the term "regular rate" under RCW 49.46.130(1).[25] But under its compensation plan for "V" store managers, Respondent Tandy Corporation defined "regular rate" as the "weekly base salary amount" divided by the "number of hours worked in the workweek." Petitioners Inniss, Lopez and Haq contend that because their total work hours fluctuate from week to week, Respondent's definition violates the Washington Minimum Wage Act when calculating overtime compensation under RCW 49.46.130(1).[26]
In 1975, the Legislature enacted RCW 49.46.130 to conform state minimum wage laws to the federal Fair Labor Standards Act of 1938.[27] The wording of RCW 49.46.130(1) is similar to the wording of 29 U.S.C. § 207(a)(1), which reads:
(a) Employees engaged in interstate commerce; additional applicability to *811 employees pursuant to subsequent amendatory provisions.
(1) Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

(Emphasis added.)
The Fair Labor Standards Act of 1938[28] also does not define the term "regular rate."[29]
When construing provisions of the Washington Minimum Wage Act, this Court may consider interpretations of comparable provisions of the Fair Labor Standards Act of 1938 as persuasive authority.[30]
In Walling v. A.H. Belo Corp., the United States Supreme Court recognized the complexity of employment relationships and declined to provide a rigid definition of "regular rate" under the Fair Labor Standards Act of 1938.[31] It concluded, however, in Overnight Motor Transportation Co. v. Missel, that the term "regular rate" was flexible enough to permit calculation of overtime compensation for a fluctuating workweek.[32]
In Missel, an employee worked irregular hours for a fixed weekly wage and "brought a statutory action to recover alleged unpaid overtime compensation" under the Fair Labor Standards Act of 1938.[33] The United States Supreme Court stated:
No problem is presented in assimilating the computation of overtime for employees under contract for a fixed weekly wage for regular contract hours which are the actual hours worked, to similar computations for employees on hourly rates. Where the employment contract is for a weekly wage with variable or fluctuating hours the same method of computation produces the regular rate for each week. As that rate is on an hourly basis, it is regular in the statutory sense inasmuch as the rate per hour does not vary for the entire week, though week by week the regular rate varies with the number of hours worked.[[34]]
This Court may also consider the Code of Federal Regulations (C.F.R.) as persuasive authority.[35] The United States Department of Labor has promulgated an administrative regulation which defines the term "regular rate" in the context of a fluctuating workweek, published in 29 C.F.R. § 778.114, which reads:
§ 778.114 Fixed salary for fluctuating hours.
(a) An employee employed on a salary basis may have hours of work which fluctuate from week to week and the salary may be paid him pursuant to an understanding with his employer that he will receive such fixed amount as straight time pay for whatever hours he is called upon to work in a workweek, whether few or many. Where there is a clear mutual *812 understanding of the parties that the fixed salary is compensation (apart from overtime premiums) for the hours worked each workweek, whatever their number, rather than for working 40 hours or some other fixed weekly work period, such a salary arrangement is permitted by the Act if the amount of the salary is sufficient to provide compensation to the employee at a rate not less than the applicable minimum wage rate for every hour worked in those workweeks in which the number of hours he works is greatest, and if he receives extra compensation, in addition to such salary, for all overtime hours worked at a rate not less than one-half his regular rate of pay. Since the salary in such a situation is intended to compensate the employee at straight time rates for whatever hours are worked in the workweek, the regular rate of the employee will vary from week to week and is determined by dividing the number of hours worked in the workweek into the amount of the salary to obtain the applicable hourly rate for the week. Payment for overtime hours at one-half such rate in addition to the salary satisfies the overtime pay requirement because such hours have already been compensated at the straight time regular rate, under the salary arrangement.
(b) The application of the principles above stated may be illustrated by the case of an employee whose hours of work do not customarily follow a regular schedule but vary from week to week, whose overtime work is never in excess of 50 hours in a workweek, and whose salary of $250 a week is paid with the understanding that it constitutes his compensation, except for overtime premiums, for whatever hours are worked in the workweek. If during the course of 4 weeks this employee works 40, 44, 50, and 48 hours, his regular hourly rate of pay in each of these weeks is approximately $6.25, $5.68, $5, and $5.21, respectively. Since the employee has already received straight-time compensation on a salary basis for all hours worked, only additional half-time pay is due. For the first week the employee is entitled to be paid $250; for the second week $261.36 ($250 plus 4 hours at $2.84, or 40 hours at $5.68 plus 4 hours at $8.52); for the third week $275 ($250 plus 10 hours at $2.50, or 40 hours at $5 plus 10 hours at $7.50); for the fourth week approximately $270.88 ($250 plus 8 hours at $2.61 or 40 hours at $5.21 plus 8 hours at $7.82).
(c) The "fluctuating workweek" method of overtime payment may not be used unless the salary is sufficiently large to assure that no workweek will be worked in which the employee's average hourly earnings from the salary fall below the minimum hourly wage rate applicable under the Act, and unless the employee clearly understands that the salary covers whatever hours the job may demand in a particular workweek and the employer pays the salary even though the workweek is one in which a full schedule of hours is not worked. Typically, such salaries are paid to employees who do not customarily work a regular schedule of hours and are in amounts agreed on by the parties as adequate straight-time compensation for long workweeks as well as short ones, under the circumstances of the employment as a whole. Where all the legal prerequisites for use of the "fluctuating workweek" method of overtime payment are present, the Act, in requiring that "not less than" the prescribed premium of 50 percent for overtime hours worked be paid, does not prohibit paying more. On the other hand, where all the facts indicate that an employee is being paid for his overtime hours at a rate no greater than that which he receives for nonovertime hours, compliance with the Act cannot be rested on any application of the fluctuating workweek overtime formula.
(Emphasis added.)
As illustrated under 29 C.F.R. § 778.114(b), the employment practice of a "fluctuating workweek" requires an employee to work hours which vary from week to week. There are two components necessary for determining the total weekly compensation for an employee under a fixed salary with fluctuating hours.
The first component is compensation for "straight time" or a normal 40-hour workweek. Straight time pay is calculated at the *813 "regular rate" based upon a ratio of weekly base salary to total hours worked in the workweek, including overtime hours.[36]
The second component is compensation for overtime work. Overtime pay is based upon hours in excess of 40 hours per week and calculated at "one and one-half times the regular rate."[37]
Combining the two components results in an employee's total weekly compensation, which may thus be expressed in a mathematical formula as:
 {Weekly Base Salary } {Weekly Base Salary } Total
40 × { } + Overtime × 1.5 × { } = Weekly
hours {40 hours + overtime} Hours {40 hours + overtime} Compensation
 { hours } { hours }
The formula assumes an employee has a workweek of at least forty hours for "straight time pay." But even if the employee works less than 40 hours, an employer and employee may operate under a clear mutual understanding that the weekly base salary is straight time "compensation (apart from overtime premiums) for the hours worked each workweek, whatever their number...."[38] Because overtime hours will "have already been compensated at the straight time regular rate," overtime compensation would then be calculated at one-half the regular rate of pay.[39]
An employee's total weekly compensation may then be expressed as:
 { }
 { {Weekly Base Salary } } Total
Weekly {Overtime × 0.5 × { } } = Weekly
Base {Hours {40 hours + overtime} } Compensation
Salary { { hours } }
 { }
Under this formula, 0.5 (weekly base salary (40 hours + overtime hours)) is equivalent to the "hourly rate per week." As the number of overtime hours increases, there is a corresponding decrease in the hourly rate per week because the weekly base salary remains constant. If the weekly base salary is $250.00 and an employee works one hour of overtime, the hourly rate per week is $3.05 per hour.[40] But if the weekly base salary is $250.00 and an employee works 128 hours of overtime in a workweek (for a total of 168 hours), the hourly rate per week is startlingly reduced to $0.74.[41]
The regressive reduction of hourly rate with a corresponding increase in overtime hours is illustrated on this chart:
Total Weekly Overtime Hours Total
Hours Base Hours Rate Weekly
Per Week Salary Per Week Compensation
40 hours $250 + (0 × $3,13 ) = $250.00
41 hours $250 + (1 × $3.05 ) = $253.05
*814
Total Weekly Overtime Hourly Total
Hours Base Hours Rate Weekly
Per Week Salary Per Week Compensation
44 hours $250 + (4 × $2.84 ) = $261.36
48 hours $250 + (8 × $2.61 ) = $270.88
50 hours $250 + (10 × $2.50 ) = $275.00
168 hours $250 + (128 × $0.74 ) = $344.72
The Washington State Department of Labor and Industries, following the approach utilized under 29 C.F.R. § 778.114, permits "the regular rate of pay ... [to] be determined by dividing the amount of compensation received per week by the total number of hours worked during that week."[42] Petitioners nevertheless cite the Alaska case of Dresser Industries, Inc. v. Alaska Department of Labor[43] to support their claim that this approach produces unfair results in violation of the Washington Minimum Wage Act.[44]
"It is true that the longer the hours, the less the rate and the pay per hour. This is not an argument, however, against [the fluctuating workweek] method of determining the regular rate of employment for the week in question."[45] Petitioners' reliance on Dresser Industries is misplaced because the sole issue in that case was whether the Alaska Department of Labor had authority under the Alaska Wage and Hour Act to promulgate a regulation which prohibited the "flexible work week [sic]" method of calculating overtime compensation.[46] Unlike the issue in Dresser Industries, which related only to authority to promulgate regulations, the question in this case is whether Respondent's calculation of Petitioners' overtime compensation under a fluctuating workweek violates RCW 49.46.130(1) under the Washington Minimum Wage Act.
In this case, Respondent's compensation plan (which declares it is "not an employment contract") defines "regular rate" by "dividing the number of hours worked in the workweek into the weekly base salary amount." It provides a chart in which a weekly base salary of $306.50 results in annual pay of $18,000.00 for a 54-hour workweek. Respondent is following the approach adopted by the United States Department of Labor and the Washington State Department of Labor and Industries. The total weekly compensation for a 54-hour workweek is calculated under the following formula:
 {$306.50 } {$306.50 } Total
40 hours × { } + 14 hours × 1.5 × { } = Weekly
 {54 hours } Overtime {54 hours } Compensation
*815 In simpler form, application of the formula results in the following determination of total weekly compensation:

Straight time pay
40 hours × $5.68 $227.20
Overtime pay
14 hours × 1.5 × $5.68 119.28
 _______
Total weekly compensation $346.48
 =======

With 52 weeks in a year, annual pay under this formula would total $18,016.96.
As stated in Missel, expressing the regular rate on an hourly basis per week still produces regularity "in the statutory sense inasmuch as the rate per hour does not vary for the entire week...."[47] Respondent chose not to calculate the regular rate as "hourly rate" but as a ratio of weekly base salary to total hours worked in a workweek. The Washington Minimum Wage Act permits this choice. The Legislature defined overtime compensation for employees of retail and service establishments and certain commissioned salespeople in terms of an "hourly rate."[48] Yet it chose to define overtime compensation under RCW 49.46.130(1) in the more generalized term of a "regular rate." In making this distinction and not defining "regular rate" in the Minimum Wage Act, the Legislature apparently intended to allow a broad and flexible interpretation of the term so long as the purposes of the Washington Minimum Wage Act are satisfied. One such purpose is to establish a minimum for employee compensation.[49]
Petitioners served as managers for Respondent from 1993 to 1996. In 1993, the minimum wage was $3.85 per hour, and effective from January 1, 1994 to December 31, 1998 it was increased to $4.90 per hour. The Court of Appeals correctly stated that because Petitioners' wages never fell below the statutory minimum, Respondent complied with the requirements of the Washington Minimum Wage Act. The statutory minimum has two components based upon the minimum hourly wage under RCW 49.46.020: one for straight time pay and one for overtime pay. Straight time pay is calculated by multiplying the 40 hours in a normal workweek by the minimum hourly wage under RCW 49.46.020. Overtime pay is calculated by multiplying the number of overtime hours at a rate of one and one-half times the minimum hourly wage. Combining the components of straight time pay and overtime pay results in the statutory minimum.[50]
If the total weekly compensation for any of the Petitioners were less than the statutory minimum for that week, Respondent would have violated the Washington Minimum Wage Act. This is not the case, however. Petitioners "concede that if all of [Petitioners'] commissions, [special incentive bonuses] and bonuses (including annual bonuses) are included in determining [Petitioners'] regular rate of pay, [Petitioners] received at least [the statutory minimum hourly wage]."[51]
*816 Respondent's calculation of overtime compensation under a fluctuating workweek does not violate RCW 49.46.130(1) under the Washington Minimum Wage Act. The Court of Appeals correctly observed that persuasive authorities interpreting a comparable provision under the Fair Labor Standards Act of 1938 support Respondent's definition of "regular rate" as a ratio of weekly base salary to the total number of hours worked in a workweek. Similarly, interpretation of the term "regular rate" under RCW 49.46.130(1) is sufficiently broad and flexible to permit Respondent to calculate overtime compensation under a fluctuating workweek. In doing that, Respondent does not violate a stated purpose of the Washington Minimum Wage Act because the actual weekly compensation for each Petitioner was never less than the total weekly compensation based upon the minimum hourly wage under RCW 49.46.020.

SUMMARY AND CONCLUSION
This Court reviews an order of summary judgment de novo and will affirm an order if the moving party is entitled to judgment as a matter of law. Interpretation of a statute is a question of law. At issue in this case is interpretation of RCW 49.46.130(1) of the Washington Minimum Wage Act, which requires employers to compensate their employees for overtime hours "at a rate not less than one and one-half times the regular rate...." The term "regular rate" is not defined in the statute.
In the absence of a definition, this Court may consider United States Department of Labor interpretations of "regular rate" under 29 U.S.C. § 207(a)(1) of the Fair Labor Standards Act of 1938 as persuasive authority. Those authorities permit "regular rate" to be interpreted broadly and flexibly as a ratio of weekly base salary to the total number of hours worked in a workweek even if the hours fluctuate from week to week. By distinguishing between "hourly rate" and "regular rate" and by modeling RCW 49.46.130(1) after 29 U.S.C. § 207(a)(1), the Legislature allowed a broad and flexible interpretation of the term "regular rate" under RCW 49.46.130(1) so long as the purposes of the Washington Minimum Wage Act are satisfied. One of those purposes is to establish a minimum for employee compensation.
In this case, the material facts are not in dispute. Each Petitioner worked at least forty hours a week, the exact number of hours fluctuating from week to week. Under its compensation plan, Respondent defined "regular rate" as a ratio of the weekly base salary to the total number of hours worked in a workweek. Although the ratio decreases as the total number of hours increases, Respondent's definition is a permissible interpretation of the term "regular rate" under RCW 49.46.130(1) because the term is subject to a broad and flexible interpretation unless Respondent violated a stated purpose of the Washington Minimum Wage Act, a fact not established in this case. Petitioners conceded that their total compensation exceeded that required under the statutory minimum hourly wage. Regardless what our reaction may be to the compensation provided its management employees by Respondent Tandy Corporation, we note that in this case it is based upon voluntary acceptance by Petitioner employees of the compensation plan promulgated in writing by Respondent employer. Although the plan boldly states it is "not an employment contract," it has the characteristics of a contract. We need not decide whether it is an express contract, a quasi contract, a unilateral contract or a bilateral contract. With the purported disclaimer, it may be an illusory contract, but we need not decide that issue either. Neither party challenges the validity of the compensation plan which was acknowledged by Petitioners and Respondent to be a valid operating document.
As a matter of law, Respondent's calculation of Petitioners' overtime compensation under a fluctuating workweek as specified in Respondent's compensation plan did not violate RCW 49.46.130(1) under the Washington Minimum Wage Act.
We affirm the decision of the Court of Appeals, Division I, which affirmed the order of summary judgment by the King County Superior Court in favor of Respondent Tandy Corporation.
GUY, C.J., MADSEN, SANDERS, and BRIDGE, JJ., concur.
*817 TALMADGE, J. (dissenting).
Under the Washington Minimum Wage Act, chapter 49.46 RCW, a person is entitled to overtime compensation paid at one and one-half times their regular rate of pay if that person works more than 40 hours in a week. RCW 49.46.130(1).[1] While the majority believes our interpretation of RCW 49.46 must be done in lockstep with the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 (FLSA), we need not automatically adopt the federal interpretation of the FLSA when interpreting RCW 49.46. This is particularly so where the concept of a so-called fluctuating workweek detracts from the clear policy of overtime wage compensation expressed in RCW 49.46.130. I therefore dissent. Consequently, I would reverse the decision of the Court of Appeals and the trial court's order on summary judgment in favor of Tandy Corporation, d/b/a Radio Shack (Radio Shack), and remand the case for trial on the question of whether Radio Shack paid its managers proper overtime compensation.
The majority has accurately described the facts of this case. The plaintiffs are managers for Radio Shack who possess Master of Business Administration degrees and are paid a base pay plus certain commissions, bonuses, and incentive bonuses. These managers were expected to work in excess of 40 hours per week, but were paid not as exempt managerial staff (see RCW 49.46.010(5)(c); WAC 296-128-510 (executive exemption)) but on a so-called fluctuating workweek basis. Yet, the managers' fluctuating workweek never really fluctuated; they always worked more than 40 hours per week.
Without getting into the mathematical calculation of wages in this case, there is no question the managers paid under Radio Shack's formula worked in excess of 40 hours per week; but for each hour of work beyond 40, they were effectively paid less remuneration as their workweek lengthened in duration. Rather than offering an incentive to employers to spread employment and hire additional workers, an employer like Radio Shack would have an actual incentive to work employees like their managers an ever increasing number of hours because the effective rate paid to such individuals would diminish with the additional hours worked.
The majority interprets RCW 49.46.130(1), which provides for time and a half compensation for overtime, consistently with the FLSA because the Washington statute does not define the term "regular rate." The majority adopts the concept of a fluctuating workweek from federal law as a part of the definition of "regular rate" in RCW 49.46.130(1). See, e.g., Walling v. A.H. Belo Corp., 316 U.S. 624, 62 S.Ct. 1223, 86 L.Ed. 1716 (1942) and Overnight Motor Transp. Co. v. Missel, 316 U.S. 572, 62 S.Ct. 1216, 86 L.Ed. 1682 (1942). The majority also notes a specific federal regulation provides for a fluctuating workweek as part of the FLSA definition of an employee's regular rate for purposes of overtime compensation. See 29 C.F.R. § 778.114. The majority believes our Department of Labor and Industries has followed the approach articulated in 29 C.F.R. § 778.114 with the adoption of WAC 296-128-550 and the Department's Interpretative Guideline ES-032 at 3 (July 1992); Clerk's Papers at 29.
As we clearly indicated in Drinkwitz v. Alliant Techsystems, Inc., 140 Wash.2d 291, 298, 996 P.2d 582 (2000), RCW 49.46 and the FLSA are not identical; thus, we are not bound by such federal authority. Nonetheless, the FLSA may be a helpful guide when interpreting Washington's wage and hour laws. Id.
But, I cannot justify importing into Washington law this federal fluctuating workweek policy when the employee's workweek does not truly fluctuate. If the managers' workweek actually fluctuated above or below 40 hours per week, it is conceivable the policy may have some fairness for both employers and employees. But in cases such as this one, where the employer uses this policy as a justification to work employees far beyond 40 hours per week for wage rates that effectively *818 diminish with the more hours worked, we should not enforce such a policy. Instead of carrying out the ostensible policy of overtime compensation lawsto pay employees more for work beyond 40 hours per week and to encourage employers to hire additional employeeswe today condone a practice entirely at odds with the root policy of overtime compensation laws.[2]
The purpose of overtime wage laws is to encourage employers to spread employment by hiring additional workers rather than paying overtime. See, e.g., Bay Ridge Operating Co. v. Aaron, 334 U.S. 446, 460, 68 S.Ct. 1186, 92 L.Ed. 1502 (1948). In fact, some courts across the United States have held the fluctuating workweek concept defeats the very purpose of overtime wage statutes. The Alaska Supreme Court reached this conclusion regarding its minimum wage law in Dresser Indus., Inc. v. Alaska Dep't of Labor, 633 P.2d 998 (Alaska 1981). In that case, the Alaska Supreme Court held the use of the fluctuating workweek allows employers to decrease the workers' average hourly wage as the workers' overtime increases, which "contravenes the policies of requiring increased overtime compensation and promoting the spreading of employment." Id. at 1006. See also Skyline Homes, Inc. v. Department of Indus. Relations, 165 Cal. App.3d 239, 211 Cal.Rptr. 792 (1985). These states are correct. A fluctuating workweek concept, as practiced here, is inconsistent with RCW 49.46.130(1).
Although we have determined the fluctuating workweek concept may not be applied in this case, we have not resolved all the issues in this case. The calculation of an employee's base rate of pay includes salary, commissions, and certain bonuses. See WAC 356-05-353. The trial court here made no explicit findings with respect to the managers' base rate of pay for purposes of overtime wage compensation. I would remand the case to the trial court for calculation of what constituted the base rate of pay paid to the managers and whether the compensation actually paid to them by Radio Shack was in compliance with the time and a half requirement of chapter 49.46 RCW.
ALEXANDER, JOHNSON, and IRELAND, JJ., concur.
NOTES
[1] Inniss v. Tandy Corporation, 95 Wash.App. 1049, 1999 WL 325439 review granted, 139 Wash.2d 1021, 994 P.2d 850 (2000).
[2] Id. at *1; Br. of Resp't at 4; see also Clerk's Papers 20-22, 152-56.
[3] Clerk's Papers at 2, Complaint filed Oct. 9, 1996.
[4] Petitioner Inniss was employed by Respondent Tandy Corporation from May 4, 1994 to April 30, 1996. Clerk's Papers at 51. Petitioner Lopez was employed from November 8, 1993 to May 1996. Id. at 78; Br. of Appellants at 2 n.1. Petitioner Haq was employed from January 27, 1993 to March 29, 1996. Clerk's Papers at 115, 118.
[5] Clerk's Papers at 55, 67, 80, 116.
[6] See, e.g., Clerk's Papers at 93-100. From 1993 to 1996, Respondent had a new compensation plan for each year. Id. at 70-73, 86-92, 93-100, 130-37. There were no changes, however, in the material provisions concerning base pay and overtime compensation.
[7] 1 Laws of 1993, ch. 309, § 1. See former RCW 49.46.020.
[8] RCW 49.46.020(1).
[9] Clerk's Papers at 209 n.1, Plaintiffs' Supplemental Memorandum.
[10] Clerk's Papers at 3.
[11] See ch. 49.46 RCW.
[12] Clerk's Papers at 20-26.
[13] Id. at 151-67.
[14] Id. at 240-43.
[15] Id. at 242.
[16] Id. at 244-46.
[17] Inniss v. Tandy Corporation, 95 Wash.App. 1049, 1999 WL 325439, at *1.
[18] Id.
[19] Order Granting Discretionary Review.
[20] Fell v. Spokane Transit Auth., 128 Wash.2d 618, 625, 911 P.2d 1319 (1996).
[21] Reid v. Pierce County, 136 Wash.2d 195, 201, 961 P.2d 333 (1998).
[22] Barnes v. McLendon, 128 Wash.2d 563, 569, 910 P.2d 469 (1996); see CR 56(c).
[23] Millay v. Cam, 135 Wash.2d 193, 198, 955 P.2d 791 (1998).
[24] Chapter 49.46 RCW.
[25] See RCW 49.46.010, which provides statutory definitions only for "[d]irector," "[w]age," "[e]mploy," "[e]mployer," "[e]mployee," "[o]ccupation" and "[r]etail or service establishment."
[26] Br. of Appellants at 5-12.
[27] Senate Journal, 44th Leg. (Wash.1975) at 462, 555, 659, 1342, 1357, 1364, 1367, 1377, 2084, 2193 (concerning Engrossed Substitute H.B. 32).
[28] 29 U.S.C. §§ 201-219.
[29] See 29 U.S.C. § 203, which provides statutory definitions only for "[p]erson," "[c]ommerce," "State," "[e]mployer," "employee," "[a]griculture," "[e]mploy," "[g]oods," "[p]roduced," "[s]ale" or "sell," "[o]ppressive child labor," "[w]age," "[r]esale," "[h]ours [w]orked," "American vessel," "Secretary," "[e]nterprise," "[e]nterprise engaged in commerce or in the production of goods for commerce," "[t]ipped employee," "[m]an-day," "[e]lementary school," "[s]econdary school," "[p]ublic agency" and "[e]mployee in fire protection activities."
[30] Weeks v. Chief of the Wash. State Patrol, 96 Wash.2d 893, 897, 639 P.2d 732 (1982); Chelan County Deputy Sheriffs' Ass'n v. County of Chelan, 109 Wash.2d 282, 291-92 n. 3, 745 P.2d 1 (1987).
[31] 316 U.S. 624, 634-35, 62 S.Ct. 1223, 86 L.Ed. 1716 (1942).
[32] 316 U.S. 572, 579-80, 62 S.Ct. 1216, 86 L.Ed. 1682 (1942).
[33] Id. at 574.
[34] Id. at 580 (footnote omitted).
[35] Tift v. Professional Nursing Sers. of Wash., Inc., 76 Wash.App. 577, 583 n. 6, 886 P.2d 1158, review denied, 127 Wash.2d 1007, 898 P.2d 309 (1995).
[36] { Weekly Base Salary
 Straight time pay = 40 hours × { }
 { 40 hours + overtime hours }

[37] { Weekly Base Salary }
 Overtime pay = Overtime × 1.5 × { }
 hours { 40 hours + overtime hours }

[38] 29 C.F.R. § 778.114(a) (emphasis added).
[39] Id.
 {Weekly Base Salary }
Overtime × 0.5 × { } = Overtime pay
hours {40 hours + overtime hours }37.

[40] 0.5 × ($250 ÷ 41 hours) = $3.05 per hour.
[41] 0.5 × ($250 ÷ 41 hours) = $0.74 per hour.
[42] WAC 296-128-550 (emphasis added). See also Department of Labor and Industries Interpretive Guideline ES-032 at 3. This guideline provides in part:

"SalaryFluctuating Hours: When an employee is employed on a fixed salary and it is understood that the hours will fluctuate from week to week, and it is clearly understood that the fixed salary constitutes straight time pay for all hours of work, whatever the number. The regular rate is obtained for each week by dividing the salary by the number of hours worked in the week. Since it was understood that all hours would constitute straight time, all hours worked have already been paid at straight time compensation; however, the employee is still entitled to receive additional overtime compensation for each hour over 40 in the week at not less than one-half the regular rate.
"Example: An employee is hired at a fixed salary of $1,500.00 per month, with the understanding that this salary represents compensation regardless of the number of hours worked each week. The salary is converted to its weekly equivalent ($1,500.00 × 12 ÷ 52). The weekly salary ($346.15) is then divided by the number of hours worked that week. During the course of three weeks the employee works 45, 48 and 50 hours. The regular hourly rate of pay in each of these weeks, respectively, is: $7.69, 7.21 and 6.92; straight time pay for all hours worked has already been paid at these regular rates, and only an additional half-time paid is due for each hour over 40. In addition to receiving the weekly salary of $346.15 for each week, the first week an additional payment of $19.25 (5.0 × $3.85) is due, second week $28.88 (8 × $3.61), and the third week $34.60 (10 hrs × $3.46)."
[43] 633 P.2d 998 (Alaska 1981).
[44] Br. of Appellants at 11; Supplemental Br. of Pet's' at 1, 3.
[45] Missel, 316 U.S. at 580, 62 S.Ct. 1216.
[46] Dresser Indus., 633 P.2d at 1000.
[47] Missel, 316 U.S. at 580, 62 S.Ct. 1216.
[48] RCW 49.46.130(3)(a), (4)(a).

RCW 49.46.130(3)(a) provides: "(3) No employer shall be deemed to have violated subsection (1) of this section by employing any employee of a retail or service establishment for a work week [sic] in excess of the applicable work week [sic] specified in subsection (1) of this section if: (a) The regular rate of pay of the employee is in excess of one and one-half times the minimum hourly rate required under RCW 49.46.020; and"
RCW 49.46.130(4)(a) provides: "No employer of commissioned salespeople primarily engaged in the business of selling automobiles, trucks, recreational vessels, recreational vessel trailers, recreational vehicle trailers, recreational campers, manufactured housing, or farm implements to ultimate purchasers shall violate subsection (1) of this section with respect to such commissioned salespeople if the commissioned salespeople are paid the greater of: (a) Compensation at the hourly rate, which may not be less than the rate required under RCW 49.46.020, for each hour worked up to forty hours per week, and compensation of one and one-half times that hourly rate for all hours worked over forty hours in one week; or"
[49] RCW 49.46.005.
[50] Minimum } { Minimum }
{40 × Hourly } + {Overtime × 1.5 × Hourly } = Statutory
{hours Wage Under } {Hours Wage Under } Minimum
{ RCW 49.46.020 } { RCW 49.46.020}

[51] Clerk's Papers at 209 n.1, Plaintiff's Supplemental Memorandum.
[1] RCW 49.46.130(1) states:

Except as otherwise provided in this section, no employer shall employ any of his employees for a work week longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.
[2] Radio Shack argues the managers did not expressly attack the propriety of WAC 296-128-550 as against RCW 49.46.130(1). The entire focus of the managers' complaint here is the impropriety of the fluctuating workweek under our overtime compensation law. Clerk's Papers 13A at 3. The issue is sufficiently preserved for judicial review. See generally State v. Barker, 98 Wash.App. 439, 446 n. 26, 990 P.2d 438 (1999) (stating a Washington appellate court has the authority to waive the rules of appellate procedure when necessary "to serve the ends of justice") (citing RAP 1.2(c)); see Sutton v. Hirvonen, 113 Wash.2d 1, 8, 775 P.2d 448 (1989) (stating a reviewing court may consider an issue not raised in the trial court if justice demands) (citing RAP 1.2(a), (c)).