IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

KAMALJEET KAUR, an individual; and
AMANDEEP GILL, an individual,

                      Respondents,

          v.

AMERICAN ENTERPRISES CORP, a
Washington corporation, d/b/a CHAAT
HOUSE; AJAY KUMAR, a/k/a AJAY
SHARMA, a/k/a AJAY KUMAR SHARMA,
individually and on behalf of the marital
community of J. DOE KUMAR and AJAY
KUMAR; ASHOK SHARMA, a/k/a
ASHOK KUMAR, a/k/a ASHOK KUMAR
SHARMA, individually and on behalf of
the marital community of J. DOE
SHARMA and ASHOK SHARMA;

                      Appellants,

ANIL KUMAR, a/k/a ANIL SHARMA, a/k/a
ANIL KUMAR SHARMA, individually and
on behalf of the marital community of J.
DOE KUMAR and ANIL KUMAR,

                      Defendant.

No. 83119-4-I

ORDER GRANTING MOTION
FOR RECONSIDERATION,
WITHDRAWING OPINION,
AND SUBSTITUTING OPINION

Respondents Kamaljeet Kaur and Amandeep Gill moved for reconsideration of the opinion filed on December 5, 2022. Appellants American Enterprises Corporation, Ajay Kumar and Ashok Sharma filed a response. The court has determined that respondents' motion for reconsideration should be granted, the opinion should be withdrawn, and a substitute opinion be filed.

No. 83119-4-I/2

Now, therefore, it is hereby

ORDERED that respondent's motion for reconsideration is granted.  It is further

ORDERED that the opinion filed on December 5, 2022, is withdrawn and a

substitute unpublished opinion be filed.

Smith, A.C.J.

Andrus, C.J.

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| KAMALJEET KAUR, an individual; and AMANDEEP GILL, an individual, | No. 83119-4-I |
| Respondents, | DIVISION ONE |
| v. | |
| AMERICAN ENTERPRISES CORP, a Washington corporation, d/b/a CHAAT HOUSE; AJAY KUMAR, a/k/a AJAY SHARMA, a/k/a AJAY KUMAR SHARMA, individually and on behalf of the marital community of J. DOE KUMAR and AJAY KUMAR; ASHOK SHARMA, a/k/a ASHOK KUMAR, a/k/a ASHOK KUMAR SHARMA, individually and on behalf of the marital community of J. DOE SHARMA and ASHOK SHARMA; | UNPUBLISHED OPINION |
| Appellants, | |
| ANIL KUMAR, a/k/a ANIL SHARMA, a/k/a ANIL KUMAR SHARMA, individually and on behalf of the marital community of J. DOE KUMAR and ANIL KUMAR, | |
| Defendant. | |

SMITH, A.C.J. — Respondents Kamaljeet Kaur and Amandeep Gill are

former employees of American Enterprises Corporation (AEC), which runs

several Chaat House restaurants. Kaur and Gill sued AEC and its owners for

violations of Washington's wage statutes, alleging, among other things, that the

restaurant chain failed to pay Kaur and Gill for all hours worked or overtime

Citations and pin cites are based on the Westlaw online version of the cited material.

hours. At trial, the parties disagreed as to the proper methodology for calculating damages and related jury instructions. The jury returned a verdict for Kaur and Gill. Because the Appellants failed to preserve any error for appeal, we affirm.

## FACTS
### Events Leading to Litigation

Respondents Kamaljeet Kaur and Amandeep Gill are former employees of American Enterprises Corporation (AEC), which runs several Chaat House restaurants. Appellants Ajay Kumar and Ashok Sharma own and operate AEC and manage the Chaat House restaurants.[1]

Kaur and Gill were recent immigrants when they began working for Kumar and Sharma. Appellants recruited Kaur to work for them when she was still in India. Kaur did not have any other connections in the United States. Gill arrived in the United States on a work visa and is still attempting to obtain asylum. Both speak Punjabi natively and know little English.

Kaur began working for Appellants in 2014. She was told she would work from 10:00 a.m. to 10:00 p.m., six days a week, for $2,600 a month. In 2016, Gill met Sharma while she was actively searching for work so she could remain in the United States. Sharma told her that she would work from 10:00 a.m. to 10:00 p.m., six days a week, for $2,500 a month. There was no opportunity for Gill to negotiate the offer and she soon began working for Chaat House. Neither Kaur nor Gill signed a written contract reflecting their employment agreements. For

---

[1] Appellant AEC and its owners, Appellants Ajay Kumar and Ashok Sharma, are referred to collectively as "Chaat House." Appellants Kumar and Sharma are also referred to as "Kumar" and "Sharma," respectively. Defendant Anil Kumar did not join this appeal.

the most part, both were paid without accompanying documentation.[2]

Kaur and Gill faced grueling conditions at the restaurant. They regularly worked over 40 hours a week.[3] They took meal and rest breaks outside in an alley where they had to sit on the ground, even in winter months. Appellants frequently cut their breaks short if they were needed back in the kitchen. Kaur and Gill were not offered vacation or sick leave and routinely felt pressured to continue working even when injured or ill.[4] Despite Kaur and Gill regularly working long hours, Appellants did not pay them overtime.[5] Appellants even admitted to regularly altering Kaur and Gill's time records.[6] The resulting pay stubs were vague and inconsistent. In light of these workplace abuses, Kaur and Gill brought an action against Chaat House, for violations of Washington's wage statutes, including RCW chapters 49.46, 49.48, and 49.52.

## Litigation

Throughout the course of litigation, the parties disputed whether Kaur and Gill were hourly or salaried employees and how to calculate any overtime wages

---

[2] Kumar confirmed at trial that there was no written or verbal agreement to pay Kaur and Gill a salary: "There is no verbal agreement saying that you are going to get salary for 60 hours."

[3] Kaur testified that during the four years that she worked for Appellants, she did not remember a single day when she worked fewer than eight hours a day or a single week when she worked fewer than 60 hours.

[4] For example, Kaur continued to work even when she sustained severe burns from the Tandoori oven. Similarly, Gill continued to work when she had chickenpox, despite suffering from erupting sores all over her body.

[5] Appellant Kumar even stated at trial that he believed Kaur and Gill were owed overtime pay.

[6] Once Appellants made the alterations, the underlying data was permanently deleted, so it was impossible to see the original time an employee clocked in or out.

owed. A few months before trial, Kaur and Gill filed a motion in limine to shift the burden of proof to Chaat House as to damages. Kaur and Gill sought to preclude Chaat House from introducing into evidence altered time clock records. They also sought to preclude Chaat House from arguing or inferring that records existed proving Kaur and Gill worked fewer hours than they had testified to working in their depositions. In denying the motion in limine, the court opined that the motion "appear[ed] to rely on facts which may be in dispute" and was therefore "more properly brought as a summary judgment motion . . . or as a matter for jury instructions."

Kaur and Gill then moved for partial summary judgment to establish a methodology for calculating overtime damages. They argued that they were salaried employees, contrary to Chaat House's assertion that they were hourly, and that overtime wages owed should be calculated by dividing their compensation by 40 hours and awarding an overtime premium of time and a half for hours over 40. The trial court denied Kaur and Gill's motion for partial summary judgment, concluding that "there exist[ed] genuine issues of material fact as to Respondents' regular rate of pay and whether Respondents were paid overtime pay contemporaneously with overtime work." The court further opined that Kaur and Gill could attempt to establish at trial that their methodology for calculating overtime wages was correct.

### Trial and Jury Instructions

At trial, the parties presented conflicting evidence as to whether Kaur and Gill were hourly or salaried employees. Chaat House denied having any salaried

4

employees. Kaur and Gill disagreed, asserting they were salaried. The parties did not dispute that Kaur and Gill were ever paid less than minimum wage.

At the jury instruction conference, Chaat House objected to Respondents' proposed "Jury Instruction 18," which defined overtime compensation, and to the court's failure to give their own proposed "Instruction B," a competing instruction concerning overtime compensation, and "Instruction L," concerning minimum wage. Chaat House argued that an instruction on minimum wage was relevant to their theory of the case because there were "issues regarding regular rate of pay" and because "[Kumar] ha[d] testified that he paid over the minimum wage rate." However, Chaat House did not file its proposed instructions with the trial court as required by CR 51 and King County Local Court Rule (LCR) 4(e)(2) and the proposed instructions are not properly before this court on appeal, despite being included as appendices to Chaat House's briefing.[7] Chaat House did not raise an objection to "Jury Instruction 25," which described Kaur and Gill's proposed method of calculating the regular rate of pay.[8]

The jury entered a verdict finding that Chaat House willfully withheld wages from Kaur and Gill in violation of Washington's Minimum Wage Act, chapter 49.46 RCW; its wage rebate act, chapter 49.52 RCW; and RCW 49.48. It awarded Kaur $82,905 in unpaid wages. It awarded Gill $50,448 in unpaid

---

[7] Pursuant to RAP 9.6(b)(1)(G), which requires "any jury instruction given or refused that presents an issue on appeal" to be included in the clerk's papers, the panel cannot consider them.

[8] Regular rate of pay refers to hourly rate. See Inniss v. Tandy Corp., 141 Wn.2d 517, 524-25, 7 P.3d 807 (2000). Both parties argued different theories of how to calculate the regular rate of pay.

wages. The court entered judgment against Chaat House in the amount of $328,048.63, which accounted for total back pay owed to Kaur and Gill, total aggregate prejudgment interest through August 10, 2021, and double damages pursuant to RCW 49.52.070, and awarded Kaur and Gill attorney fees and costs.

Chaat House appeals.

ANALYSIS

We first address whether, as Kaur and Gill argued, Chaat House failed to maintain an objection to Jury Instruction 25. We conclude that Chaat House both failed to object to Jury Instruction 25 and waived any argument that its actions in objecting to the denial of the inclusion of its proposed instructions constituted an objection.

Preservation of Issue

On appeal, Chaat House argues that Jury Instruction 25 misstates the applicable law for calculating regular rate of pay and presumes that Kaur and Gill agreed to work 40 hours a week. Kaur and Gill assert that Chaat House failed to object to Jury Instruction 25 at trial and they are barred from raising the issue on appeal. RAP 2.5(a). Chaat House contends that it objected to the trial court's refusal to adopt its proposed Instructions B and L, and because Instructions B and L relate to Jury Instruction 25, Chaat House therefore objected to the adoption of Jury Instruction 25. It claims that the errors of law found within Instructions 18 and 25 are interrelated to the trial court's refusal to adopt their proposed Instructions B and L.

6

An appellate court may refuse to hear any claim of error not raised at trial. State v. O'Hara, 167 Wn.2d 91, 94, 217 P.3d 756 (2009). Regarding jury instructions, "[a]ny objections to the instructions, as well as the grounds for the objections, must be put in the record to preserve review." State v. Sublett, 176 Wn.2d 58, 75-76, 292 P.3d 715 (2012). Similarly, a party's objection to a court's failure to give its competing instruction will preserve any objection to the instruction actually given. Washburn v. City of Federal Way, 178 Wn.2d 732, 747, 310 P.3d 1275 (2013). CR 51(f) describes the procedure to object to jury instructions. Objections must be made *before* the reading of the instructions to the jury to permit the trial court to correct any error that may exist. State v. Dent, 123 Wn.2d 467, 479, 869 P.2d 392 (1994).

A review of the record reveals that Chaat House did not raise an objection to Jury Instruction 25. It raised several objections to the other proposed instructions. But none of these objections concerned Jury Instruction 25.

Chaat House's argument that it preserved an objection to Jury Instruction 25 by objecting to the trial court's refusal to adopt its proposed instructions B and L is similarly unpersuasive. Chaat House failed to file its proposed instructions with the trial court as required by CR 51 and King County LCR 4(e)(2). Therefore, Chaat House could not designate them as part of the record on appeal as required by RAP 9.6. The proposed instructions are not before this court and as such, we cannot consider them nor any assertion that an objection to their exclusion constitutes an objection to Jury Instruction 25. Chaat House failed to preserve any error for appeal.

7

Attorney Fees

Kaur and Gill request fees on appeal. RAP 18.1 provides this court authority to award reasonable attorney fees where applicable law permits. Kaur and Gill state that fees are proper under RCW 49.48.030, RCW 49.52.070, and RCW 49.46.090(1). Under RCW 49.48.030, when "any person is successful in recovering judgment for wages or salary owed to him or her, reasonable attorney's fees . . . shall be assessed against employer or former employer." Likewise, under RCW 49.52.070, an employer who willfully withholds wages is liable for "costs of suit and a reasonable sum for attorney's fees." See also RCW 49.46.090(1) (employers who pay employees less than employees are entitled to are liable for costs and attorney fees). These principles apply to attorney fees and costs incurred on appeal when the person successful in recovering judgment prevails on appeal. McIntyre v. State, 135 Wn. App. 594, 596, 605, 141 P.3d 75 (2006). Because Kaur and Gill prevail on appeal, we award reasonable attorney fees and costs pursuant to RAP 18.1 subject to compliance with RAP 18.1(d).

Affirmed.

WE CONCUR:

Smith, A.C.J.

Andrus, C.J.

8