In re WAL–MART STORES, INC., Fair Labor Standards Act Litigation.

Billy Presley, Cindy Wacaster, and Jerry Archuleta, for and on behalf of themselves and other employees similarly situated, Plaintiffs,

v.

Wal–Mart Stores, Inc., a Delaware corporation, Defendant.

Michael Fiorenzi, Plaintiff,

v.

Wal–Mart Stores, Inc., et al., Defendants.

MDL No. 1139.
Nos. CIV.A. 95–Z–1705, CIV.A. 95–Z–2050, CIV.A. 96–Z–91139.

United States District Court, D. Colorado.

Aug. 2, 1999.

Gerald L. Bader, Jr., Jeffrey M. Villanueva, Renee B. Taylor, Bader & Associates PC, Franklin D. Azar, Robert E. Markel, Jon Neil Barclay, Franklin D. Azar & Associates, Denver, .CO, for Plaintiffs.

Bruce Anderson, Kenneth R. Stettner, Stettner Miller and Cohn PC, Denver, CO, Alan Magenheim, Magenheim Bateman Robinson Wrotenbery & Helfand LLP, Houston, TX, for Defendants.

## MEMORANDUM OPINION AND ORDER

. WEINSHIENK, Senior District Judge.

Plaintiffs brought this action alleging a violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (FLSA). The matter comes before the Court on Defendants' Objections To The Recommendation Of United States Magistrate Judge Bruce D. Pringle. On September 17, 1998, Magistrate Judge Pringle recommended that this Court rule in favor of plaintiffs' Motion For Summary Judgment. As required by 28 U.S.C. § 636(b), the Court has reviewed *de novo* all portions of the Magistrate Judge's Recommendation to which objections have been filed. The Court finds the Recommendation to be thorough, thoughtful, and according to law.

Plaintiffs are full-time pharmacists employed by Wal–Mart who have not received overtime compensation for hours worked over 40 hours per week. Plaintiffs assert that they are entitled to this overtime compensation. Defendants argue that plaintiffs are within the professional exemption to the FLSA and, thus, not eligible for overtime compensation.

Employees within the professional exemption cannot recover, and conversely, employees not within the professional exemption can recover. The determination of plaintiffs' claim that they are not within the professional exemption to the FLSA hinges on whether plaintiffs are salaried as defined by the regulations promulgated under the FLSA. "Salary basis" is defined as follows:

An employee will be considered to be paid 'on a salary basis' within the meaning of the regulations if under his employment agreement he regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of his compensation, which amount is not subject to reduction because of variations in

the quality or quantity of the work performed.

29 C.F.R. § 541.118(a).

■ First, the Court must determine what "predetermined amount" means. Defendants urge that setting salaries before each pay period would fit the literal meaning of "predetermined amount." However, this flexible interpretation might mean that employers could avoid the FLSA overtime requirements by gauging the amount of work that needed to be done in the future and setting payments accordingly. Although this would benefit employers with foresight, it would defeat the purpose of the statute which is to protect certain employees who are working more than 40 hours per week without being adequately compensated. Defendants state that prospective payment plans by the employer protect employees, and thus coincide with the policy of the statute, by setting the conditions of employment in advance as an offer for continued employment. They argue that employees are given a choice to accept or ratify the proposed conditions. *See Ackley v. Dept. Of Corrections Of State Of Kansas*, 844 F.Supp. 680, 686 (D.Kan.1994). It is difficult to see how this protects employees. Walking off the job is not easy when rent is due. Thus, this Court declines to interpret "predetermined amount," as defendants suggest, to mean that an employee is salaried even if the employer has the discretion to change payments prospectively. Instead, the Court will construe the language of the FLSA narrowly as required under *Baker v. Barnard Contr. Co., Inc.*, 146 F.3d 1214, 1218 (10th Cir.1998).

However, forcing an employer to fix payment of employees and to fix work schedules in advance without variation potentially harms the employer. Businesses have to be able to change strategies, policies, and the payment of employees. *See Ackley*, 844 F.Supp. at 686. Thus, it would be error to interpret "predetermined amount" too rigidly as this would hamper businesses making reasonable business decisions.

■ The interpretation of "predetermined amount" must then strike a balance by protecting employees from onerous schedules without adequate compensation while not harming businesses in making reasonable business decisions. In weighing these factors, one District Court with similar facts held that employees were not exempt from the FLSA when the employer set schedules prospectively. *See Thomas v. County of Fairfax, Virginia*, 758 F.Supp. 353 (E.D.Va.1991). Thus, this Court determines that employers who prospectively change the quantity of work and payment for work may be liable under the FLSA.

■ After establishing that employers may be liable, the Court must evaluate whether defendants in this case are liable. Except for absences for more than one day due to medical/personal reasons or overtime hours, an employee's salary may not be a direct function of hours worked. *See* 29 C.F.R. § 541.118(a)(2)-(3); *see also* 29 C.F.R. § 541.118(b). Both sides agree that base hours for the plaintiffs represented the usual hours worked, and the correlation of base hours and usual hours is not a violation of the federal statute. However, if base hours were reduced by an hour or two due to store hours or slow business by the employer, then plaintiffs may not be considered salaried employees because work is tied to the number of actual hours worked. Businesses cannot cut hours for their own convenience and still maintain that the employees are salaried. A choice must be made between the convenience of flexible hours or the stability of salaried employees. In this case, there is deposition testimony from district managers Kurtis Barry and Mark Schneider that plaintiffs were paid according to the convenience of defendants in reducing store hours because of slow business. The Magistrate Judge's Recommendation stated that the flexibility and convenience regarding plaintiffs' salaries demonstrate that plaintiffs are hourly employees and

not salaried employees. This Court agrees.

Defendants contend that exhibit AA and the deposition testimony of managers Kurtis Barry and Mark Schneider are not sufficient for summary judgment purposes to demonstrate a practice or policy of reducing base hours and base pay for the company's interest. Exhibit AA is a memo addressed to "All Pharmacy Managers" describing a policy to cut base hours. This Court agrees with the Magistrate Judge's interpretation of exhibit AA that defendants' management intended to cut the full time pharmacists' hours and base pay in 15 stores.

As to managers Barry and Schneider, their testimony is that the scheduling changes regarding a reduction of base hours and base pay came with the knowledge and approval of supervisory regional managers. The base hour cut described by manager Barry reflected a one hour reduction of store hours, and manager Schneider's testimony was that the base hour cuts were a result of slow business. These actions were taken solely for the company's benefit. Defendants assert that this is the isolated testimony of two district managers and cannot establish a practice or policy. If the testimony of these two managers is true, knowledge and approval by regional managers constituted a practice or policy. Defendants do not present testimony to challenge the affidavits of district managers Barry or Schneider. Further, there are no affidavits from the regional managers stating that what managers Barry or Schneider said was untrue. Instead, in defendants' objections to the Magistrate Judge's Recommendation, defendants only emphasize affidavits of four District Managers saying that the reduction of base hours and base pay was not happening in their stores. These affidavits do not refute the statements of managers Barry or Schneider. They merely show that four stores were acting differently. Because there is no genuine issue of material fact that defendants engaged in a practice or policy of reducing base hours and base pay for the company's own interest, summary judgment will be granted in favor of plaintiffs.

 Defendants also challenge the Magistrate Judge's Recommendation with respect to the "corrective action" defense. Under the "corrective action" defense, an employer who inadvertently deducts pay from an employee can correct the problem by reimbursement. *See* 29 C.F.R. § 541.118(a)(6). This Court agrees with the Recommendation that the deductions in this case were not inadvertent. However, defendants object stating that there is recent authority to suggest that even if the deduction is not inadvertent, the "corrective action" defense applies if the deduction was not for a lack of work. *See Auer v. Robbins,* 519 U.S. 452, 463, 117 S.Ct. 905, 137 L.Ed.2d 79 (1997). In *Auer,* the deduction was not inadvertent, but it was made for reasons other than lack of work. *See Auer,* 519 U.S. at 463, 117 S.Ct. 905. After reviewing *Auer,* this Court determines that the defense is still inapplicable because defendants' deductions were made for a lack of work, that is, they reflect cuts in store hours or cutting due to slow business. Thus, because these deductions were not inadvertent, and the deductions were made for a lack of work, the "corrective action" defense is inapplicable.

As to Defendants' Motion For Summary Judgment based on the statute of limitations, this Court agrees with the analysis of the Magistrate Judge. Thirty opt-in plaintiffs are time-barred from bringing their claims because they stopped working for Wal–Mart more than three years before filing. The following is a list of the thirty opt-in plaintiffs that will be dismissed: Robert E. Adams, Jim Bailey, James A. Belvin, Edwin Randy Carter, Larry Dale Cole, Madge Sanders Cooks, Kenneth B. Daughters, Wende B. Davies, Joseph L. Davis, Ronald Diamond, Douglas K. Dietrich, Robert J. Dougherty, Dora G. Espinoza, Ramiro Ignacio Galindo, Thomas Hofferica, Lisa A. Hrim a/k/a Lisa Keller, Thurmon J. Ickes, Jr., Alvin Kay, Carl E. Lerner, Danette Maynard, Ricky

Allen McIntyre, George Dennis Milligan, Charles A. Perry, Sr., Jerry Delano Rhoades, Jerry C. Roberson, William Ryan, Richard Sadekoski, Daryl J. Schliep, Richard L. Schuler, and Sharon E. Smith. Accordingly, it is

ORDERED that the Recommendation of the United States Magistrate Judge is accepted and adopted. It is

FURTHER ORDERED that defendants' objections to the Recommendation Of The United States Magistrate Judge are overruled. It is

FURTHER ORDERED that defendants' Motion For Summary Judgment Based On The Statute Of Limitations is granted, and plaintiffs Robert E. Adams, Jim Bailey, James A. Belvin, Edwin Randy Carter, Larry Dale Cole, Madge Sanders Cooks, Kenneth B. Daughters, Wende B. Davies, Joseph L. Davis, Ronald Diamond, Douglas K. Dietrich, Robert J. Dougherty, Dora G. Espinoza, Ramiro Ignacio Galindo, Thomas Hofferica, Lisa A. Hrim a/k/a Lisa Keller, Thurmon J. Ickes, Jr., Alvin Kay, Carl E. Lerner, Danette Maynard, Ricky Allen McIntyre, George Dennis Milligan, Charles A. Perry, Sr., Jerry Delano Rhoades, Jerry C. Roberson, William Ryan, Richard Sadekoski, Daryl J. Schliep, Richard L. Schuler, and Sharon E. Smith are dismissed with prejudice. It is

FURTHER ORDERED that defendants' Motion To Dismiss Second Amended Complaint is denied. It is

FURTHER ORDERED that plaintiffs' Motion For Summary Judgment is granted. It is

FURTHER ORDERED that judgment is entered in favor of plaintiffs and against defendants as to liability for violation of the FLSA.