Alan L. DEMOS, Marion Merriweather, Michael A. Domino, Ronald Graham, and Debbe Boswell, Plaintiffs,

v.

CITY OF INDIANAPOLIS; Bart Peterson, Mayor of the City of Indianapolis, Defendants.

No. IP 99–0022–C–B/S.

United States District Court, S.D. Indiana, Indianapolis Division.

April 18, 2001.

Timothy E Peterson, Bamberger & Feibleman, Indianapolis, IN, for plaintiffs.

Peggy D Dallmann, Office of the Corporation Counsel, Indianapolis, IN, for defendants.

## ORDER GRANTING DEFENDANTS' MOTION TO RECONSIDER

BARKER, District Judge.

This case is before the Court on a Motion to Reconsider Summary Judgment. Five former employees of the City of Indianapolis, Alan Demos, Marion Merriweather, Michael Domino, Ronald Graham and Debbe Boswell, filed suit against the City for overtime compensation pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, *et seq.* On December 29, 2000, the Court granted in part and denied in part Defendants' Motion for Summary Judgment. One of the conclusions in our decision on summary judgment was that Defendants failed to establish that there is no genuine issue of material fact as to the salary test for determining whether Plaintiffs were exempt

employees under the FLSA overtime provisions. *Demos v. City of Indianapolis,* 126 F.Supp.2d 548, 553–54 (S.D.Ind.2000). Specifically, we determined that the City failed to demonstrate that its pay-docking system was "established pursuant to principles of public accountability," as required in the regulation governing the application of the FLSA to municipal employers, 29 C.F.R. § 541.5d. *Id.* at 554. For the reasons set forth below, the Court *GRANTS* Defendants' Motion to Reconsider Summary Judgment and *GRANTS* in part and *DENIES* in part Defendants' Motion for Summary Judgment.[1]

*Standard on Motion to Reconsider*

 Federal Rule of Civil Procedure 59(e) permits district courts to alter or amend a judgment upon motion of a party filed no later than ten days after the entry of the judgment.[2] Reconsideration of summary judgment is appropriate "if there has been a mistake of law or fact." *Smith v. Apfel,* 1999 WL 410018, at *2 (N.D.Ill. May 27, 1999). "The rule essentially enables a district court to correct its own error, sparing the parties and the appellate courts the burden of unnecessary appellate procedures." *Russell v. Delco Remy Div. of Gen. Motors Corp.,* 51 F.3d 746, 749 (7th Cir.1995). In light of the goal of conserving appellate resources, the Court takes this opportunity to look at new submissions from Defendants and to alter its earlier decision.

*Judicial Notice of State and Local Law*

In that opinion, we criticized Defendants for failing to "cite[ ] any city ordinance or any provision in an employee manual indicating that the purpose behind their sys-

---

1. Questions remain concerning whether Defendants can satisfy the duties test for determining whether Marion Merriweather is exempt from the overtime pay requirements of the FLSA. *Demos,* 126 F.Supp.2d at 557–564.

2. Having filed their motion on January 16, 2001, Defendants are in just under the wire.

tem for docking pay is based upon principles of public accountability." *Demos,* 126 F.Supp.2d at 554. We also noted that Defendants neglected even to acknowledge that 29 C.F.R. § 541.5d, the regulation which they claim exempted them from salary and hour computations generally set forth in the FLSA, required that the system in place be established pursuant to principles of public accountability. *Id.* The Court sticks by this reasoning and reminds counsel for Defendants that the opportunity to move for reconsideration is not an invitation to "rehash old arguments," as counsel attempted in pages 8–12 of its Memorandum in Support of Motion to Reconsider Summary Judgment Entry. *Davis Boyd v. Wexler,* 2001 WL 219623, at *1 (N.D.Ill. Mar.6, 2001). We are aware that *Spradling v. City of Tulsa, Oklahoma,* 95 F.3d 1492 (10th Cir.1996) is not controlling precedent in this jurisdiction, but as the Court ruled earlier, we find its reasoning persuasive, especially given the burden placed on the party moving for summary judgment. *See Demos,* 126 F.Supp.2d at 554.

■ The error in our earlier decision arose from a lack of awareness of certain state statutes and local ordinances relevant to Plaintiffs' FLSA claims, to which our attention had not been drawn by the parties in their briefing and which our own research did not disclose. Based on our acceptance of the reasoning in *Spradling,* we expected the City to cite state statutes and city ordinances and to argue, on the basis of those laws, that public accountability underpinned its docking practices and that it was therefore exempt from the rules for calculating work hours generally set forth in the FLSA. However, we repeat, the City did not present such law or argument. Neither did the Court's own research turn up any state statutes or local ordinances pertaining to public accountability in government employment practices. Now, in response to the Court's earlier ruling, Defendants cite various laws and argue that these laws require the City to compensate its employees only for time worked, "pursuant to principles of public accountability," as permitted by 29 C.F.R. § 541.5d.

For instance, Defendants cite Indiana's Ghost Employment Statute, Indiana Code § 35–44–2–4, which provides that:

[a] person employed by a governmental entity who knowingly or intentionally accepts property from the entity for the performance of duties not related to the operation of the entity commits ghost employment, a Class D felony.

Ind.Code § 35–44–2–4(d). Defendants also call the Court's attention to parts of the Revised Code of the Consolidated City of Indianapolis and Marion County (Revised Code), one of which states as follows:

*Improperly using official position.* No officer or employee shall use or permit the use of any individual, funds or property under his or her official control, direction or custody, or of any funds or property of an agency, for a purpose which is, or to a reasonable person would appear to be, for the private benefit of an officer or employee or any other person …

Revised Code § 293–105(b) (italics in original). Clearly, these laws focus on paying only those employees who actually work for the work done and ensuring that employees do not waste office resources on personal business.[3] Such laws and others

---

**3.** In opposition to Defendants' Motion to Reconsider, Plaintiffs argue that the Court should not take into account the additional materials submitted by Defendants on the ground that Defendants did not adequately respond to Plaintiffs' interrogatories. Plaintiffs' Response in Opposition to the Defendants' Motion to Reconsider at 3–4. If the missing evidence had been of another nature, the Court might have found this argument persuasive. Instead, the Court takes judicial notice of the state and local laws cited in

like them establish that the City's employment practices must be entirely above-board. Thus, Defendants have now established that there is no genuine issue of material fact concerning whether its docking system was based on principles of public accountability.

### Conclusion

For the reasons set forth above, the Court *GRANTS* Defendants' Motion to Reconsider Summary Judgment. Summary judgment is *GRANTED* in part and *DENIED* in part. Summary judgment is not warranted on the question of whether Defendants satisfied the duties test with respect to Marion Merriweather's employment, which remains the sole issue to be resolved in this litigation.

It is so ORDERED.

Defendants' submissions in support of reconsideration. *See United States v. McCormick,* 309 F.2d 367, 370–71 (7th Cir.1962) (taking judicial notice of state laws and local ordinances prohibiting conduct at issue in case when both parties failed to present the relevant laws); *Demick v. City of Joliet,* 108 F.Supp.2d 1022, 1025 (N.D.Ill.2000) ("[C]ourt may take judicial notice of matters of public record such as state statutes, city charters, and city ordinances") (internal quotation omitted). To ignore such laws (now that we know of their existence) because the source of our knowledge is arguably questionable would not further just or efficient resolution of this case.