35 P.3d 1176 (2001)
109 Wash.App. 379
Calvin C. CLAWSON, Diane Butcher-Evans, Appellants,
Steve Taylor, Plaintiffs,
Larry Bullis, Corinne L. Baker, Appellants,
Mark Grigal, Plaintiff,
Zoe Grimshaw, David Connolly, K. Ann McCartney, Sara Sanchez, Linda Sturza, Molly Tenenbaum, Debbie Wallin, Keiko Yamaguchi, Appellants, and
Scott McClellan, Plaintiff,
v.
GRAYS HARBOR COLLEGE DISTRICT NO. 2, Green River Community College District No. 10, Respondents,
Lake Washington Technical College, Olympic Community College, Defendants,
Seattle Community College District VI, Skagit Valley Community College, and Whatcome Community College District No. 21, Respondents.
No. 47891-5-I.
Court of Appeals of Washington, Division 1.
December 10, 2001.
*1177 Steven B. Frank, Frank and Rosen, Seattle, Counsel for Appellants.
Warren H. Fischer, Assistant Attorney General, Olympia, Counsel for Respondents.
COLEMAN, J.
Appellants are part-time community college faculty and are before this court on appeal from summary judgment dismissal of their claim for unpaid overtime wages. The sole issue on appeal is whether the faculty members' compensation arrangements with the respondent colleges implicate the protections of Washington's Minimum Wage Act (MWA). Because the faculty members are exempt from the act as persons employed in a "professional capacity" and compensated on a "salary basis," we affirm the trial court's dismissal of their claim.

FACTS
The appellants in this case are part-time faculty members employed at five Washington community colleges. The faculty members sued the colleges for unpaid overtime wages in violation of the MWA (chapter 49.46 RCW). Because the pay practices at the colleges are uniform, the trial court stayed the claims against three of the colleges and allowed the case to proceed against Green River and Whatcom Community Colleges to determine whether the part-time faculty members at those schools are exempt from the MWA.
Part-time faculty members are hired by the colleges under individual contracts on either an annual or quarterly basis. Their compensation is calculated by multiplying their "contact hours" (i.e., the required number of in-class instruction hours for each course) by a bargained-for rate. Faculty members are paid at regular intervals throughout the academic quarter in equal or near-equal installments. The agreements between the colleges and the faculty members' unions state that the compensation arrangements include payment for work outside the classroom, including course preparation, grading, student conferences, and office hours.

DISCUSSION
This court reviews orders of summary judgment de novo and engages in the same inquiry as the trial court, "treating all facts and reasonable inferences from the facts in a light most favorable to the nonmoving party." Enter. Leasing, Inc. v. City of Tacoma, 139 Wash.2d 546, 551, 988 P.2d 961 (1999). Summary judgment should be granted when there exist no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Kuhlman v. Thomas, 78 Wash.App. 115, 119, 897 P.2d 365 (1995).
The MWA requires that employers pay their employees no less than the minimum hourly rate set forth in the statute or as determined by the Department of Labor and Industries. RCW 49.46.020. For purposes of the MWA, the term "employee" is defined to include "any individual employed by an employer" but does not include individuals employed in a "bona fide ... professional capacity[.]" RCW 49.46.010(5)(c). The parties in this case have stipulated that the faculty members meet all of the criteria of the professional exemption under the MWA, with one exception: the faculty members claim that they are not compensated on a "salary or fee basis" as required by WAC 296-128-530(5).[1]
*1178 1. Compensation Arrangement
The MWA does not define what it means to be compensated on a salary or fee basis. When faced with this lack of legislative guidance in Drinkwitz v. Alliant Techsystems, Inc., 140 Wash.2d 291, 299, 996 P.2d 582 (2000), our Supreme Court relied upon the federal Department of Labor and Industries' definition of "salary basis" promulgated under the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 201-219:
An employee will be considered to be paid "on a salary basis" within the meaning of the regulations if under his employment agreement he regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of his compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed.... [T]he employee must receive his full salary for any week in which he performs any work without regard to the number of days or hours worked. This policy is also subject to the general rule that an employee need not be paid for any workweek in which he performs no work.
29 C.F.R. § 541.118(a).
All of the faculty members in this case are generally compensated according to the same calculation: the number of credits or "contact hours" for the class to be taught multiplied by a bargained-for rate. Faculty members are paid at regular intervals during the academic quarter in equal or near-equal installments regardless of how many days or hours they work in each pay period.[2]
The faculty members present several arguments to support their claim that they are paid as hourly employees for purposes of the MWA. First, they point to the fact that the college salary schedules for part-time faculty indicate compensation in terms of an hourly rate (as opposed to the annual salary listed in the schedules for full-time faculty). The faculty members claim that by granting summary judgment for the colleges, the trial court disregarded the plain language of the salary schedules. Second, the faculty members claim that the use of an hourly rate in calculating their quarterly compensation is indicative of their status as hourly employees under the protections of the MWA. Third, the faculty members assert that the fluctuation in compensation from quarter to quarter demonstrates that they are not salaried, but paid hourly according to the number of contact hours for each class in each quarter.
The faculty members' arguments are unpersuasive and unsupported by state and federal case law. "[T]he MWA is not violated by calculating `exempt' employees' compensation using an hourly rate[.]" Drinkwitz, 140 Wash.2d at 302, 996 P.2d 582. See also, Palazzolo-Robinson v. Sharis Mgmt. Corp., 68 F.Supp.2d 1186, 1192 (W.D.Wash. 1999) ("a payroll accounting system which calculates an exempt employee[']s pay on an hourly basis does not indicate that the employee was not salaried[.]"); McGuire v. City of Portland, 159 F.3d 460, 464 (9th Cir.1998) (city payroll accounting system, which calculated battalion chiefs' salaries on an hourly basis, did not mean that chiefs were in fact hourly employees). Moreover, the undisputed facts demonstrate that under each quarterly contract, the faculty members are paid a predetermined amount in equal installments and at regular intervals during the quarter, regardless of how many hours they actually work.
The faculty members assert that "[t]he Colleges cannot avoid the MWA by entering into a `new contract' every quarter, thereby establishing a new salary which is paid out regularly over the quarter." Brief of Appellants, at 23. In support of this argument, they cite In re Wal-Mart Stores, Inc. Fair Labor Standards Act Litigation, 58 F.Supp.2d 1219, 1221 (D. Colorado 1999). That case, however, is distinguishable on its *1179 facts and is not directly informative on the issue before the court. In Wal-Mart, the plaintiffs were full-time pharmacists who sued their employer for unpaid overtime. The defendant employer argued that the plaintiffs were salaried employees as evidenced by the fact that they were paid a predetermined amount based upon their projected work schedules. The court disagreed, however, and held that the defendant's practice of prospectively changing the plaintiffs' schedules and pay to accommodate slow business was not consistent with salaried employment. Wal-Mart, 58 F.Supp.2d at 1221.
In this case, the faculty members are part-time employees contracted on a quarter-by-quarter basis depending on the course offerings at each college. The fact that the faculty members are offered a new contract each quarter is not, as they suggest, an attempt to "avoid the MWA"; rather, it is necessary to accommodate part-time employment in step with the academic calendar.
In sum, the faculty members' compensation arrangements with the colleges demonstrate that they are paid on a salary basis and thus are exempt from the protections of the MWA.[3] The trial court's grant of summary judgment for the colleges is affirmed on this basis.
2. Deductions from Pay
Appellant Butcher-Evans argues that Green River Community College's "policy of making hourly based deductions from part-time faculty compensation for time missed when sick leave is exhausted is evidence that all part-time faculty are subject to such deductions, and therefore are not salaried." Reply Brief of Appellant, at 14. While there is no Washington case law or legislative guidance dealing directly with this issue, it has been addressed in the federal arena. Because the MWA is based upon the FLSA, federal authority is persuasive in the absence of adequate state authority. Tift v. Prof'l Nursing Servs., Inc., 76 Wash.App. 577, 583, 886 P.2d 1158 (1995). See also, Xieng v. Peoples Nat'l Bank, 120 Wash.2d 512, 531, 844 P.2d 389 (1993).
The kind of deductions complained of in this case are expressly authorized by 29 C.F.R. § 541.5d:
(a) An employee of a public agency who otherwise meets the requirements of § 541.118 shall not be disqualified from exemption under §§ 541.1, 541.2, or 541.3 on the basis that such employee is paid according to a pay system ... pursuant to principles of public accountability, under which the employee accrues personal leave and sick leave and which requires the public agency employee's pay to be reduced or such employee to be placed on leave without pay for absences for personal reasons or because of illness or injury of less than one work-day when accrued leave is not used by an employee because
(1) permission for its use has not been sought or has been sought and denied;
(2) accrued leave has been exhausted; or
(3) the employee chooses to use the leave without pay.
. . . .
Citing 29 C.F.R. § 541.5d, the court in Richardson v. Genesee County Cmty. Mental Health Servs., 45 F.Supp.2d 610, 616-17 (E.D.Mich.1999) held that "paying plaintiffs only for the time worked in the absence of sick leave or personal leave is not conduct which puts the employee outside the professional exemption."[4]
We adopt the rule set forth in 29 C.F.R. § 541.5d and hold that Green River Community *1180 College's policy of deducting an employee's pay for partial-day absences after accrued sick leave has been exhausted does not affect that employee's exempt status under the MWA.[5]
Affirmed.
Appelwick and Cox, JJ., concur.
NOTES
[1] WAC 296-128-530 defines the term "individual employed in a bona fide ... professional capacity" to mean any employee:

(1) Whose primary duty consists of the performance of work:
. . . .
(c) Teaching, tutoring, instructing, or lecturing in the activity of imparting knowledge and who is employed and engaged in this activity as a teacher in the school system or educational establishment or institution by which he is employed; and
. . . .
(5) Who is compensated for his services on a salary or fee basis at a rate of not less than $170 per week exclusive of board, lodging, or facilities....
[2] For example, appellant Butcher Evans was hired by Green River Community College to teach two math classes during the 1996 fall academic quarter for $4,129.40. On October 10, 1996, she was paid $688.25 and then was paid $688.23 on or near the 10th and 25th of each month until the end of the quarter. The number of instruction days per pay period ranged from 6 to 11.
[3] The colleges argue, alternatively, that the faculty members are exempt from the MWA as professionals compensated on a "fee basis." WAC 296-128-530(5). As stated in 29 C.F.R. § 541.313(b), arrangements for compensation on a fee basis "are characterized by the payment of an agreed sum for a single job regardless of the time required for its completion." In this case, the faculty members were hired under a contract for continuous employment over the course of a few months. We do not find such an arrangement to be consistent with employment on a fee basis.
[4] The colleges also point out that paying the faculty members for work missed after sick leave and vacation have been exhausted may constitute an illegal gift of public funds contrary to article VIII, section 7 of the Washington State Constitution.
[5] Appellants submitted Webster v. Pub. Sch. Employees of Washington, Inc., 247 F.3d 910, 920 (9th Cir.2001) as additional authority for the proposition that courts are to "consider the possible deductions for vacation leave and actual deductions from sick leave `in the context of the entire employment relationship'" (quoting Drinkwitz, 140 Wash.2d at 303, 996 P.2d 582) to determine if an employee is compensated on a salary basis. Because Webster and Drinkwitz dealt with private employment, their analyses of this issue is not informative to our decision in the case at bar.