61 P.3d 1130 (2003)
148 Wash.2d 528
Calvin C. CLAWSON, Diane Butcher-Evans, Larry Bullis, Corinne L. Baker, Zoe Grimshaw, David K. Connolly, K. Ann McCartney, Sara J. Sanchez, Linda Sturza, Molly Tenenbaum, Debbie Wallin, and Keiko Yamaguchi, Petitioners,
v.
GRAYS HARBOR COLLEGE DISTRICT NO. 2, Green River Community College District No. 10, Seattle Community College District VI, Skagit Valley Community College, and Whatcom Community College District No. 21, Respondents.
No. 72113-1.
Supreme Court of Washington, En Banc.
Argued October 22, 2002.
Decided January 23, 2003.
*1131 Steven B. Frank, Frank Freed Roberts Subit & Thomas, Seattle, for Petitioners.
Christine Gregoire, Attorney General, Warren H. Fischer, Olympia, for Respondents.
Martin S. Garfinkel and David N. Mark on behalf of Washington State Labor Council and Washington Education Association, amici curiae.
SMITH, J.[*]
Petitioners Diane L. Butcher-Evans and K. Ann McCartney, part-time community college instructors, seek discretionary review of a decision of the Court of Appeals, Division One, which affirmed an order of the King County Superior Court dismissing on summary judgment their claim against community colleges for unpaid overtime wages under the Washington Minimum Wage Act, chapter 49.46 RCW.[1] We granted review. We affirm.

QUESTION PRESENTED
The sole question in this case is whether the Court of Appeals was correct in affirming *1132 a decision of the trial court concluding that part-time community college instructors are professional employees compensated on a salary basis and therefore not covered by the wage and overtime provisions of the Washington Minimum Wage Act.

STATEMENT OF FACTS
The material facts are not in dispute. The parties dispute only the legal effect of those facts.
Petitioners Diane L. Butcher-Evans and K. Ann McCartney were employed as part-time faculty members (instructors) at Green River Community College and Whatcom Community College.[2] They, along with ten other part-time instructors, sued five of Washington's community colleges[3] for unpaid minimum and overtime wages they claimed were owed them under the Washington Minimum Wage Act (MWA), chapter 49.46 RCW.[4] The instructors claimed they were hourly employees and that the colleges' compensation arrangement did not pay them for their non-classroom work, including, for example, preparing for class, grading examinations, developing coursework, and attending meetings. The colleges responded that the instructors were employed in a "bona fide professional capacity" and compensated on a "salary basis," thus exempting them from the MWA.
The community colleges hire part-time faculty (instructors) under individual contracts on either an annual or quarterly basis.[5] The colleges calculate an instructor's compensation by multiplying the number of credits or "contact hours," which are the number of in-class instruction hours for each course,[6] by the monetary rates specified in the applicable collective bargaining agreements.[7] The instructors are then paid at regular intervals throughout the quarter in equal or near-equal installments[8] regardless of their teaching performance or the number of instructional days in a pay period.[9] The applicable collective bargaining agreements between the colleges and the instructors' union state that an instructor's compensation includes payment for work done outside the classroom, such as "course preparation, grading, student conferences, and office hours."[10]
Petitioner Butcher-Evans' complete employment history is not before us. An example is that she was hired by Green River Community College to teach two mathematics classes during the 1996 fall quarter for $4,129.40.[11] Beginning on October 10, 1996 she was paid $688.25 and then was paid $688.23 on or near the 10th and 25th of each month until the end of the quarter.[12] These payments were made even though the number of instruction days per pay period ranged from 6 to 11.[13] The following chart illustrates the compensation Petitioner Butcher-Evans received during the 1996 fall quarter:

*1133
 CONTRACT SUMMARY FOR PETITIONER DIANE I. BUTCHER-EVANS
 GREEN RIVER COMMUNITY COLLEGE
CONTRACT CONTRACT INSTRUCTION
PERIOD AMOUNT PAY DATE DAYS GROSS PAY
Fall Quarter 1996 $4,129.40 October 10 6 $ 688.25
 October 25 11 688.23
 November 8 1 688.23
 November 25 9 688.23
 December 10 8 688.23
 December 24 7 688.23
 __ __________
Totals 52 $4,129.40

Petitioner McCartney's complete employment history is not before us. An example is that she was hired by Whatcom Community College to teach two public speaking classes during the spring quarter for $3,358.08.[14] Beginning on April 30, 1998 she was paid $1,119.36 and was paid that same amount on May 29, 1998 and on June 10, 1998,[15] regardless of the number of instruction days during each pay period. The following chart illustrates the compensation Petitioner McCartney received during the 1998 spring quarter:

_______________________________________________________________________________________
CONTRACT CONTRACT INSTRUCTION
PERIOD AMOUNT PAY DATE DAYS GROSS PAY
_______________________________________________________________________________________
Spring Quarter 1998 $3,358.08 April 30 19 $1,119.36
 May 29 20 1,119.36
 June 10 15 1,119.36
Totals 54 $3,358.08
_______________________________________________________________________________________

Respondent Green River Community College prorated pay deductions from part-time faculty whenever instructors missed classroom hours for personal or health reasons after their accrued sick or annual leave had been exhausted.[16] The deductions were calculated by multiplying the number of contact hours missed by the compensation rate under the collective bargaining agreement.[17]
On September 15, 1999, seeking damages for unpaid overtime wages claimed to be owed them under the MWA, Petitioners, and ten other part-time instructors, filed this action in the King County Superior Court. Because the pay practices of the colleges are uniform, the trial court stayed the claims against three of the colleges and permitted the claims to proceed against Respondents Green River Community College and Whatcom Community College to determine whether the part-time instructors at those schools were exempt from the MWA.[18] Class certification was deferred and only Petitioners Butcher-Evans and McCartney proceeded as plaintiffs.[19]
The parties submitted to the trial court the sole issue of whether the instructors were compensated on a "salary or fee basis." Both parties stipulated that the instructors met all other criteria of a "professional," but reserved the question of whether the instructors were salaried employees under the MWA.[20] In a motion for summary judgment, Petitioners argued that the colleges' use of an hourly rate to calculate salary and Green River Community College's use of prorated hour-based deductions for certain types of classroom absences rendered them employees under the MWA and therefore subject to the Act's overtime wage requirements. Respondents *1134 cross-moved for summary judgment and argued that the part-time instructors were salaried professional employees who were exempt from the Act.
On December 8, 2000 the Honorable Suzanne M. Barnett granted summary judgment in favor of Respondents and dismissed Petitioners' claims.[21] Petitioners appealed to the Court of Appeals, Division One, arguing that the trial court had misinterpreted the MWA and prior employment case law. On December 10, 2001 the Court of Appeals, the Honorable H. Joseph Coleman writing, affirmed the trial court's dismissal of Petitioners' claims, holding that part-time instructors at the community colleges are exempt from the MWA as persons employed in a "professional capacity" and compensated on a "salary basis."[22]
The Court of Appeals also adopted a rule based upon a federal administrative regulation and held that "Green River Community College's policy of deducting an employee's pay for partial-day absences after accrued sick leave has been exhausted" did not affect that employee's exempt status under the MWA.[23]
Petitioners sought review by this court which was granted on July 1, 2002.

DISCUSSION
We must determine whether Petitioners as part-time instructors at community colleges are employees compensated on an hourly basis and therefore entitled to protections and benefits under the MWA or whether they are professional salaried employees exempt from the Act. The answer requires correct application of the "salary basis" test we adopted in Drinkwitz v. Alliant Techsystems, Inc.[24]

STANDARD OF REVIEW
This court reviews an order on summary judgment de novo.[25] It engages in the same inquiry as the trial court, treating all facts and reasonable inferences from the facts in the light most favorable to the nonmoving party.[26] Where, as here, the parties do not dispute the material facts, this court will affirm an order on summary judgment if the successful moving party is entitled to judgment as a matter of law.[27]

MINIMUM WAGE ACT
Our MWA, chapter 49.46 RCW, generally requires an employer to pay employees a certain minimum hourly wage and compensate them for time worked in excess of 40 hours in a given work week at a rate of at least one and one-half times the employees' regular wage rate.[28] The MWA, however, exempts from this requirement certain classes of employees, including "[a]ny individual employed in a bona fide ... professional capacity."[29] The Act does not define "professional," but grants the Department of Labor and Industries (DLI) authority to "define[ ] and delimit[ ]" the term.[30]
Under the DLI's definition of "professional," published in Washington Administrative Code (WAC) XXX-XXX-XXX, an employee is exempt from the MWA if the employee fulfills *1135 certain duties[31] and is compensated "on a salary or fee basis."[32] WAC 296-128-530 states that:
The term "individual employed in a bona fide ... professional capacity" in RCW 49.46.010(5)(c) shall mean any employee:
(1) Whose primary duty consists of the performance of work:
(a) Requiring knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction and study, as distinguished from a general academic education and from an apprenticeship, and from training in the performance of routine mental, manual, or physical processes, or
(b) Original and creative in character in a recognized field of artistic endeavor (as opposed to work which can be produced by a person endowed with general manual or intellectual ability and training), and the result of which depends primarily on the intention, imagination, or talent of the employee; or
(c) Teaching, tutoring, instructing, or lecturing in the activity of imparting knowledge and who is employed and engaged in this activity as a teacher in the school system or educational establishment or institution by which he is employed; and
(2) Whose work requires the consistent exercise of discretion and judgment in its performance; and
(3) Whose work is predominantly intellectual and varied in character (as opposed to routine mental, manual, mechanical or physical work) and is of such a character that the output produced or the result accomplished cannot be standardized in relation to a given period of time; and
(4) Who does not devote more than 20 percent of his hours worked in the work week to activities which are not an essential part of and necessarily incident to the work described in paragraphs (1) through (3) of this section; and
(5) Who is compensated for his services on a salary or fee basis at a rate of not less than $170 per week exclusive of board, lodging, or facilities: Provided, That this paragraph (5) shall not apply in the case of an employee who is the holder of a valid license or certificate permitting the practice of law, medicine, or dentistry and who is actually engaged in the practice thereof: Provided, That an employee who is compensated on a salary or fee basis at a rate of not less than $250 per week (exclusive of board, lodging, or other facilities), and whose primary duty consists of the performance of work either requiring knowledge of an advanced type in a field of science or learning, which includes work requiring the consistent exercise of discretion and judgment, or requiring invention, imagination, or talent in a recognized field of artistic endeavor, shall be deemed to meet all of the requirements of this section.[[33]]
Neither the MWA nor the WAC defines the term "salary or fee basis."[34] However, because the MWA is based upon the federal Fair Labor Standards Act of 1938 (FLSA),[35] this court has looked to federal authority for guidance in defining "salary basis." In Drinkwitz we adopted, in part, an administrative regulation promulgated by the United States Department of Labor (DOL) under the authority of the FLSA which defines the term "salary basis" as follows:
(a) An employee will be considered to be paid "on a salary basis" within the meaning of the regulations if under his employment agreement he regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of his compensation, which amount is not subject to reduction because of variations in the quality or quantity of *1136 the work performed. Subject to the exceptions provided below, the employee must receive his full salary for any week in which he performs any work without regard to the number of days or hours worked. This policy is also subject to the general rule that an employee need not be paid for any workweek in which he performs no work.[[36]]
Under the test adopted by this court, an employee is compensated on a "salary basis" if the employee regularly receives each pay period a predetermined amount, not subject to reduction because of variations in the quality or quantity of work performed.[37] In adopting the federal test, this court emphasized that narrowly applying the definition of "salary" as promulgated by the DOL renders "a result consistent with Washington's long and proud history of being a pioneer in the protection of employee rights."[38]
Because the MWA is a remedial act, its exemptions, such as the "professional" exemption claimed in this case, are to be narrowly construed.[39] An employer bears the burden of proving its employees fall within an exempted category of the Act.[40]

COMPENSATION ARRANGEMENT
Petitioners argue that they do not fall within the professional employee exemption because the compensation arrangement under which they are paid by Respondents is not compensation on a "salary basis." Respondents contend their part-time instructors are professionals compensated on a salary basis and therefore exempt from the overtime compensation requirements of the MWA.
The Court of Appeals classified Petitioners, part-time community college instructors, as professionals compensated on a salary basis. Employees are paid on a "salary basis" when, weekly or less frequently, they receive a predetermined amount which is not subject to reduction regardless of the quality or quantity of work.[41] The Court of Appeals reasoned that:
All of the faculty members [part-time instructors] in this case are generally compensated according to the same calculation: the number of credits or "contact hours" for the class to be taught multiplied by a bargained-for rate. Faculty members are paid at regular intervals during the academic quarter in equal or near-equal installments regardless of how many days or hours they work in each pay period.[[42]]
Petitioners argue that they are hourly employees because the college salary schedules for part-time faculty indicate compensation based upon an hourly rate and the schedules for full-time faculty indicate compensation on an annual salary basis. Petitioners also contend the colleges' use of "contact hours" to calculate salary schedules is indicative of the part-time faculty members' status as hourly employees. A brief amici curiae was filed by the Washington State Labor Council and Washington Education Association arguing in support of Petitioners' claims that basing the instructors' pay on the number of "contact hours" makes the instructors hourly employees.
The Court of Appeals, citing our opinion in Drinkwitz, determined that "the MWA is not violated by calculating `exempt' employees' compensation using an hourly rate ...."[43]
*1137 In this case, under each quarterly contact, the colleges calculated a predetermined amount by multiplying the number of "contact hours," which correspond to the applicable academic credits for a particular course, by the monetary amount specified in the collective bargaining agreements. The instructors were then paid this calculated amount in equal installments at regular intervals during the quarter, regardless of the actual number of instruction days or hours worked in each month of the quarter. Petitioners were guaranteed this calculated amount. Respondents' method of payment is therefore consistent with a salary basis rate of pay.[44]
Petitioners also contend that the fluctuation in compensation from quarter to quarter demonstrates part-time instructors are paid hourly according to the number of contact hours for each class in each quarter. Relying on a United States District Court case, In re Wal-Mart Stores, Inc. Fair Labor Standards Act Litigation,[45] Petitioners argue that setting salaries before each quarter is an attempt by the colleges to avoid application of the MWA. The Court of Appeals correctly determined that Wal-Mart is distinguishable from this case. Besides, a District Court decision would be of questionable authority at any rate.
In this case the colleges contracted with the part-time instructors on a quarterly basis, depending on the courses offered at each college. The Court of Appeals was correct in determining that part-time employment and the academic calendar dictated the need to contract with teachers on a quarterly basis and it did not constitute an effort to avoid the MWA.

DEDUCTIONS FROM PAY
Petitioner Butcher-Evans contends she was an hourly employee because her employer instituted a policy in which hourly-based deductions in pay were made whenever a part-time instructor missed classroom time after earned accrued leave had been exhausted. She has not established that she was personally affected by that policy.
An employee will be considered paid on a salary basis as long as the amount of pay the employee receives "`is not subject to reduction because of variations in the quality or quantity of the work performed.'"[46] The employee must receive full salary for any week during which work is performed without regard to the number of hours worked.[47]
Generally, deductions for absences of less than a day are not permitted for employees paid on a salary basis.[48] When an employee is subject to deductions when no paid leave benefits are available, the employee's salary-based classification may be affected.[49] "`An employee's salary is "subject to" reduction when there is (1) an employment policy that creates a "significant likelihood" of making partial day deductions, *1138 or (2) an "actual practice" of making deductions.' "[50] In this case, Respondent Green River Community College conceded it had a policy of reducing a part-time instructor's salary when the teacher missed a partial day of work and did not have any accrued sick or annual leave.[51] Respondent Green River argues, however, that its pay-docking system was created pursuant to principles of public accountability under federal regulations, specifically 29 C.F.R. § 541.5d (special provisions applicable to employees of public agencies).
The Court of Appeals observed that "[w]hile there is no Washington case law or legislative guidance dealing directly with this issue, it has been addressed in the federal arena."[52] Because the MWA is based upon the FLSA, the Court of Appeals looked to federal regulations as persuasive authority in the absence of adequate state authority.[53]
Under federal law, otherwise exempt employees who work in the public sector do not lose their exempt status simply because employers deduct their pay for partial day absences if their accrued leave has been exhausted. Under 29 C.F.R. § 541.5d:
(a) An employee of a public agency who otherwise meets the requirements of § 541.118 shall not be disqualified from exemption under §§ 541.1, 541.2, or 541.3 on the basis that such employee is paid according to a pay system established by statute, ordinance, or regulation, or by a policy or practice established pursuant to principles of public accountability, under which the employee accrues personal leave and sick leave and which requires the public agency employee's pay to be reduced or such employee to be placed on leave without pay for absences for personal reasons or because of illness or injury of less than one work-day when accrued leave is not used by an employee because
(1) permission for its use has not been sought or has been sought and denied;
(2) accrued leave has been exhausted; or
(3) the employee chooses to use leave without pay.
(b) Deductions from the pay of an employee of a public agency for absences due to a budget-required furlough shall not disqualify the employee from being paid "on a salary basis" except in the workweek in which the furlough occurs and for which the employee's pay is accordingly reduced.
The Court of Appeals found the federal administrative rule announced in 29 C.F.R. § 541.5d persuasive and adopted it. Applying that rule to the facts of this case, the Court of Appeals held that "Green River Community College's policy of deducting an employee's pay for partial-day absences after accrued sick leave has been exhausted does not affect that employee's exempt status under the MWA."[54]
In this case, Respondent Green River Community College demonstrated that its pay-docking system was "established pursuant to principles of public accountability" as required under the federal regulation adopted by the Court of Appeals. The payroll manager of Green River Community College, Kelly Blackwood, in a declaration stated that "[t]he purpose of the College's practice of reducing pay for work missed when leave is exhausted is to ensure public accountability; and to avoid gift of public funds question."[55]
Respondent Green River Community College cites various laws and argues that those laws require Washington's community colleges to compensate their employees only for time worked "pursuant to principles of public accountability."[56] "Public accountability *1139 is the notion that `governmental employees should not be paid for time not worked due to the need to be accountable to the taxpayers for expenditure of public funds.'"[57] Respondent Green River cites RCW 42.52.160 which states that:
(1) No state officer or state employee may employ or use any person, money, or property under the officer's or employee's official control or direction, or in his or her official custody, for the private benefit or gain of the officer, employee, or another.
Respondent also cites article VIII, section 7 of the Washington Constitution, which states that:
No county, city, town or other municipal corporation shall hereafter give any money, or property, or loan its money, or credit to or in aid of any individual, association, company or corporation, except for the necessary support of the poor and infirm, or become directly or indirectly the owner of any stock in or bonds of any association, company or corporation.
These laws[58] focus on paying employees only for time worked and ensuring that employees do not waste official resources on personal business. Respondent Green River Community College satisfactorily established that its pay-docking system was based on principles of public accountability.
The compensation arrangement voluntarily entered into by each part-time community college instructor satisfies the "salary basis" test for a bona fide professional employee exempt from overtime pay under the MWA. Additionally, Respondent Green River Community College's policy of deducting pay for partial day absences from employees who have exhausted their accrued leave did not subject Petitioner Butcher-Evans to impermissible deductions inconsistent with a salary basis.
One week prior to oral argument in this case, Petitioners filed a motion to permit filing of a second supplemental brief and, at the same time, submitted the proposed brief. The motion was passed to the merits. We deny it.

SUMMARY AND CONCLUSIONS
This court reviews an order on summary judgment de novo and will affirm an order if the moving party is entitled to judgment as a matter of law. At issue in this case is whether part-time community college instructors are professional employees compensated on a salary basis and therefore not covered by the wage and overtime provisions of the MWA, chapter 49.46 RCW.
The MWA generally requires an employer to pay workers for time worked in excess of 40 hours in a given week at a rate of at least one and one-half times the employees' regular wage rate. The MWA, however, exempts from this requirement certain classes of employees, including any person employed in a bona fide professional capacity. Under the DLI definition of "professional," published in WAC 296-128-530, an employee qualifies for exempt status under the MWA if the employee fulfills certain duties and is compensated on a salary basis. The term "salary basis" is not defined in the MWA or the WAC, but we have looked to federal authority to determine whether an employee is compensated on a salary basis. We adopted, in part, an administrative regulation, 29 C.F.R. § 541.118(a), promulgated by the DOL under the authority of the FLSA, upon which the MWA is based. Under the test adopted by this court, an employee is compensated on a "salary basis" if the employee regularly receives, each pay period, a predetermined amount, not subject to reduction because of variations in the quality or quantity of work performed.
The material facts are not in dispute in this case. The colleges hired part-time instructors under individual contracts on either an annual or quarterly basis. The colleges *1140 calculated each instructor's compensation by multiplying the number of credits or "contact hours," which are the number of in-class instruction hours for each course, by the monetary amount specified in the applicable collective bargaining agreements. The instructors were then paid this calculated amount at regular intervals throughout the quarter in equal or near-equal installments, regardless of their teaching performance or the number of instructional days in a pay period.
The colleges did not violate the MWA by calculating exempt employees' compensation relying in part upon an hourly rate specified in the collective bargaining agreements. Petitioners were guaranteed a predetermined amount and paid at regular intervals during the academic quarter in equal or near-equal installments. Respondents' method of payment is therefore consistent with a salary basis rate of pay.
The fluctuation in compensation from academic quarter to quarter does not violate the MWA because the colleges contracted with the part-time instructors on a quarterly basis, depending on the courses offered at each college. The Court of Appeals was correct in determining that part-time employment and the academic calendar dictated the need to contract with teachers on a quarterly basis and it did not constitute an effort to avoid the MWA.
Respondent Green River Community College's policy of reducing a part-time instructor's salary when the instructor misses a partial day of work and has exhausted annual or sick leave does not violate the MWA because it was created pursuant to principles of public accountability. Under federal law, 29 C.F.R. § 541.5d, otherwise exempt employees who work in the public sector do not lose their exempt status simply because employers deduct their pay for partial day absences if their accrued leave has been exhausted. We are in agreement that this regulation is a sound application of a principle applicable to our MWA which is based substantially upon the FLSA.
The compensation arrangement voluntarily entered into by each part-time community college instructor satisfies the "salary basis" test for a professional employee exempt from overtime pay under the MWA. Additionally, Respondent Green River Community College's policy of deducting pay for partial day absences from employees who have exhausted their accrued leave did not subject Petitioner Butcher-Evans to impermissible deductions inconsistent with a salary basis.
We affirm the Court of Appeals.
ALEXANDER, C.J., JOHNSON, MADSEN, SANDERS, BRIDGE, and OWENS, JJ., concur.
IRELAND, J., (concurring).
The "salary basis" test adopted in Drinkwitz v. Alliant Techsystems, Inc. requires that "professional" employees receive a predetermined amount in each pay period, not subject to reductions because of variations in the quality or quantity of work performed. 140 Wash.2d 291, 300, 996 P.2d 582 (2000).
As the majority notes, because the Washington Minimum Wage Act (MWA), chapter 49.46 RCW, is a remedial act, we narrowly construe the professional exemption. I agree with the majority that the petitioners are paid a predetermined amount which is not subject to reduction regardless of the quality or quantity of work. I also agree that under Drinkwitz "calculating `exempt' employees' compensation using an hourly rate and using this hourly rate in personnel records" does not per se violate the MWA so long as the predetermined amount is honored. Drinkwitz, 140 Wash.2d at 302, 996 P.2d 582. Nonetheless, Drinkwitz makes it clear that it is the total employment relationship which is under scrutiny when examining whether the professional exemption should apply.
The majority adopts the federal exception for public employees under 29 C.F.R. § 541.5d, which permits docking or leave without pay where the policy is "established pursuant to principles of public accountability." Majority at 1138-1139. Without the exception for public employees approved by the majority, a practice of docking pay for partial-day absences after accrued sick leave has been exhausted would violate the MWA.
*1141 I agree with the majority that the use of "contact hours" to calculate the salary does not violate the MWA "salary basis" under these facts. However, where the use of hours for calculation of the "salary" is taken together with other employment requirements, such as a set workday schedule, recording time, weekly hourly quotas or other such employment practices, the "duties" test may be violated. No such practices are raised in this case; thus, the parties stipulated the "duties" portion of the test is satisfied to determine whether an employee was exempt from the MWA as a "professional". Majority at 1135 n. 31.
Petitioners argued that the "salary basis" was violated based upon comparisons of their duties, time expended, and pay received to those of full time faculty. However, the case was not well developed from a factual standpoint to allow for such an analysis. Therefore, I concur in the decision of the majority.
CHAMBERS, J., concurs.
NOTES
[*] Judge Charles Z. Smith is serving as a justice pro tempore of the Supreme Court pursuant to Const. art. IV, § 2(a).
[1] Clawson v. Grays Harbor Coll. Dist. No. 2, 109 Wash.App. 379, 35 P.3d 1176 (2001). Other named petitioners (Calvin C. Clawson, Larry Bullis, Corinne L. Baker, Zoe Grimshaw, David K. Connolly, Sara J. Sanchez, Linda Sturza, Molly Tenenbaum, Debbie Wallin, and Keiko Yamaguchi) do not join in this appeal.
[2] Clerk's Papers at 4-5.
[3] Green River Community College District Number 10, Whatcom Community College District Number 21, Grays Harbor College District Number 2, Seattle Community College District VI, and Skagit Valley Community College District 4.
[4] Clerk's Papers at 3-13 (Class Action Complaint for Unpaid Minimum Wages and Overtime).
[5] Clawson, 109 Wash.App. at 382, 35 P.3d 1176. Petitioners signed individual contracts on a quarterly basis.
[6] Id. Respondent Whatcom Community College in answering an interrogatory stated that it "used `contact hours' as shown on the salary schedules as a device to determine the value of the salary to be paid to [Petitioners], not as a basis for hourly pay. For example, a five credit lecture class (55 contact hours per quarter) merits a higher salary than a three credit lecture class (33 contact hours per quarter); but a five credit lecture class merits the same pay as a five credit laboratory class, although the latter has more contact hours." Clerk's Papers at 1063.
[7] Clerk's Papers at 146-48, 608.
[8] Id. at 728; see also Clawson, 109 Wash.App. at 382, 35 P.3d 1176.
[9] Clerk's Papers at 473, 972; see also Clawson, 109 Wash.App. at 383-84, 35 P.3d 1176.
[10] Clawson, 109 Wash.App. at 382, 35 P.3d 1176; see also Clerk's Papers at 232, 312.
[11] Clerk's Papers at 476.
[12] Id. at 473, 477-79.
[13] Clawson, 109 Wash.App. at 384 n. 2, 35 P.3d 1176.
[14] Clerk's Papers at 987.
[15] Id. at 988.
[16] Clawson, 109 Wash.App. at 387, 35 P.3d 1176; see also Clerk's Papers at 171.
[17] Clerk's Papers at 171.
[18] Clerk's Papers at 465 (Stipulation and Order).
[19] Id. at 461-63.
[20] Id. at 464.
[21] Id. at 448-51.
[22] Clawson, 109 Wash.App. at 381, 35 P.3d 1176.
[23] Id. at 387, 35 P.3d 1176.
[24] 140 Wash.2d 291, 300, 996 P.2d 582 (2000).
[25] Inniss v. Tandy Corp., 141 Wash.2d 517, 522, 7 P.3d 807 (2000).
[26] Id.
[27] Id.; see also CR 56(c).
[28] See generally chapter 49.46 RCW.
[29] RCW 49.46.010(5)(c) provides in pertinent part that:

(5) "Employee" includes any individual employed by an employer but shall not include:
. . . .
(c) Any individual employed in a bona fide executive, administrative, or professional capacity or in a capacity of outside salesman as those terms are defined and delimited by rules of the director. However, those terms shall be defined and delimited by the Washington personnel resources board pursuant to chapter 41.06 RCW ....
(Emphasis added.)
[30] Id.; see also Drinkwitz, 140 Wash.2d at 298, 996 P.2d 582.
[31] Both parties stipulated that the instructors satisfied the "duties" portion of the test to determine whether an employee was exempt from the MWA. Clerk's Papers at 464.
[32] WAC 296-128-530(5); see also Drinkwitz, 140 Wash.2d at 298, 996 P.2d 582.
[33] (Emphasis added.)
[34] Drinkwitz, 140 Wash.2d at 298, 996 P.2d 582.
[35] 29 U.S.C. §§ 201-219.
[36] 29 C.F.R. § 541.118(a) (1975). (Emphasis added.)
[37] Drinkwitz, 140 Wash.2d at 300, 996 P.2d 582.
[38] Id.
[39] Id. at 301, 996 P.2d 582.
[40] Id.
[41] Id. at 299, 996 P.2d 582; see also 29 C.F.R. § 541.118(a) (1975).
[42] Clawson, 109 Wash.App. at 383-84, 35 P.3d 1176.
[43] Drinkwitz, 140 Wash.2d at 302, 996 P.2d 582; see also McGuire v. City of Portland, 159 F.3d 460, 464 (9th Cir.1998) (rejecting characterization of municipal police chiefs as hourly employees solely because their pay under the payroll accounting system was calculated on hour-by-hour basis); Palazzolo-Robinson v. Sharis Mgmt. Corp., 68 F.Supp.2d 1186, 1192 (W.D.Wash. 1999) ("[A] payroll accounting system which calculates an exempt employees [sic] pay on an hourly basis does not indicate that the employee was not salaried.").
[44] See, e.g., Hood v. Mercy Healthcare Arizona, 23 F.Supp.2d 1125, 1130 (D.Ariz.1997) (employer's method of payment which was hourly based was not inconsistent with a salary-basis rate of pay because the employee received a minimum salary guarantee); see also Douglas v. Argo-Tech Corp., 113 F.3d 67, 71 (6th Cir.1997) (approving employer's method of payment where collective bargaining agreement guaranteed employee 40 hours of pay each week, not subject to reduction based on the number of hours employee actually worked).
[45] 58 F.Supp.2d 1219, 1221 (D.Colo.1999).
[46] Drinkwitz, 140 Wash.2d at 299, 996 P.2d 582; (quoting 29 C.F.R. § 541.118(a) (1975)).
[47] Id. However, an exempt employee's salary may be deducted under certain circumstances, including when the employee has performed no work in a week or is absent for a full day for personal reasons other than illness or an accident; when the employee is absent for a full day or more and is ineligible to participate in a bona fide plan, policy, or practice of providing compensation for loss of salary due to sickness and disability or has exhausted all accrued leave allowed under the plan; or the employee has violated a safety rule of major significance. See 29 C.F.R. § 541.118(a)(2), (a)(3), (a)(5) (1975); see also 29 C.F.R. § 825.206 (1995). Other than in these specific situations, employees paid on a "salary basis" may not be subject to deductions.
[48] Drinkwitz, 140 Wash.2d at 304, 996 P.2d 582; see also 29 C.F.R. § 541.118(a) (1975).
[49] Barner v. City of Novato, 17 F.3d 1256, 1262 (9th Cir.1994).
[50] Drinkwitz, 140 Wash.2d at 304, 996 P.2d 582 (quoting Auer v. Robbins, 519 U.S. 452, 461, 117 S.Ct. 905, 137 L.Ed.2d 79 (1997)).
[51] Brief of Resp't at 46.
[52] Clawson, 109 Wash.App. at 386, 35 P.3d 1176.
[53] Id.
[54] Clawson, 109 Wash.App. at 387, 35 P.3d 1176.
[55] Clerk's Papers at 425.
[56] See, e.g., Demos v. City of Indianapolis, 139 F.Supp.2d 1026, 1028 (S.D.Ind.2001); Richardson v. Genesee County Cmty. Mental Health Servs., 45 F.Supp.2d 610, 616-17 (E.D.Mich. 1999) ("Since defendant is a municipal agency, it is clear that paying plaintiffs only for the time worked in the absence of sick leave or personal leave is not conduct which puts the employee outside the professional exemption.").
[57] Serv. Employees Int'l Union, Local 102 v. County of San Diego, 60 F.3d 1346, 1352 n. 2 (9th Cir.1994) (quoting Hilbert v. District of Columbia, 23 F.3d 429, 435 (D.C.Cir.1994)).
[58] Respondent Green River Community College cites other Washington laws designed to ensure the State is accountable to the public for expenditures of its funds, including chapter 42.20 RCW (misconduct of public officers); chapter 42.52 RCW (ethics in public service); and chapter 9A.80 RCW (abuse of office).